EVAN R. MOSES, CA Bar No. 198099
evan.moses@ogletree.com
MELIS ATALAY, CA Bar No. 301373
melis.atalay@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:     213-239-9800
Facsimile:     213-239-9045

Attorneys for Defendant
HEAVENLY VALLEY, Limited Partnership

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adam Heggen, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>Heavenly Valley, Limited Partnership; and Does 1-10, inclusive,<br><br>        Defendants. | Case No. _____<br><br>**DEFENDANT HEAVENLY VALLEY, LIMITED PARTNERSHIP'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, 1453**<br><br>[Filed concurrently with Civil Cover Sheet, Declarations of Melis Atalay, Emily Barbara, and Marsha Starr in Support of Removal]<br><br>Complaint Filed:  October 21, 2020<br>Trial Date:            None |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF ADAM HEGGEN AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant Heavenly Valley, Limited Partnership ("Defendant"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of El Dorado to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. As discussed below, this Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"). In support of such removal, Defendant states as follows:

## I.      THE STATE COURT ACTION

1.      On October 21, 2020, plaintiff Adam Heggen ("Plaintiff") filed a Class Action Complaint ("Complaint") in the Superior Court of the State of California, County of El Dorado, entitled *Adam Heggen, an individual, Plaintiff v. Heavenly Valley, Limited Partnership, and Does 1 to 10, inclusive, Defendants*, which was assigned case number SC20200150 (the "State Court Action").

2.      The Complaint brings claims for the alleged: (1) failure to provide overtime wages in violation of California Labor Code §§ 510 and 1198 (2) failure to provide meal periods in violation of California Labor Code §§ 226.7 and 512; (3) failure to provide rest periods in violation of California Labor Code §§ 226.7 and 1198; (4) failure to provide compliant wage statements in violation on California Labor Code §§ 226(a), 1174(d), and 1198; (5) failure to pay timely wages upon employment termination and during employment in violation of California Labor Code §§ 201-204; (6) failure to maintain accurate payroll records in violation of California Labor Code § 1174; (7) violation of California Labor Code §§ 2699 *et seq.*; and (8) unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.*

3.      On December 21, 2020, Plaintiff served the Complaint on Defendant's registered agent by certified mail. A true and correct copy of the Complaint that was served on December 21, 2020 is attached as **Exhibit A**, to this Notice of Removal.  Declaration of Melis Atalay ("Atalay Decl.") ¶ 2.

4.      As further required by 28 U.S.C. § 1446(a), Defendant hereby provides this Court

1

Case No. _____

45650745_1.docx

with copies of all process, pleadings, and orders received by Defendant in this action. True and correct copies of these documents are attached as **Exhibit B** to this Notice of Removal. Defendant has not been served with any pleadings, process, or orders besides those attached. Atalay Decl., ¶ 3. Defendant answered the Complaint on January 19, 2021, a true and correct copy of which is attached as **Exhibit C** to this Notice of Removal.

5.      Plaintiff has not yet identified any of the fictitious "Doe" defendants identified in the Complaint, and the citizenship of "Doe" defendants is disregarded for the purposes of removal. 28 U.S.C. § 1441(a); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

6.      <u>This Notice is Timely</u>. This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within 30 days of the service upon Defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

## II.     THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

7.      This action is one over which this Court has original jurisdiction under CAFA and is one which may be removed by Defendant pursuant to 28 U.S.C. §§ 1441 and 1453, because the number of potential class members exceeds 100, minimal diversity exists between the parties, and the amount in controversy exceeds the aggregate value of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2) and (d)(6).

### a.     The Size of the Putative Class Exceeds 100

8.      Plaintiff's Complaint defines the proposed class as: "[a]ll persons who are and/or were employed for at least one pay period as non-exempt employees by Heavenly [Valley Limited Partnership] in the State of California between April 6, 2016 and the date of trial".[1] Exh. A, ¶ 15.

---

[1]      Though Defendant reserves the right to challenge the putative class definition, which purports to include individuals who were employed more than four years before the Complaint was filed, as well as other defects in the Complaint, in measuring the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for plaintiff on all claims as made in the complaint. *See, e.g.*, *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199 (E.D. Cal. Feb. 27, 2008).

9.     Defendant's employment records show that there are no less than 6,468 individuals who fall within the Complaint's putative class definition. Declaration of Marsha Starr ("Starr Decl.") ¶ 3.

**b.  The Parties Are Diverse**

10.     Citizenship of Defendant. Pursuant to 28 United States Code § 1332(d)(10), "an unincorporated association [is] … deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized" when assessing the minimal diversity required for CAFA removal.[2] The United States Supreme Court established the proper test for determining an entity's principal place of business for purposes of diversity jurisdiction in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a[n entity's] officers direct, control, and coordinate the [entity's] activities." *Id*. at 1184.  The Court further clarified that the principal place of business is the place where the entity "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

11.     At all times on and after the date this action was filed, defendant Heavenly Valley, Limited Partnership has been a citizen of the states of Nevada and  Colorado. Defendant has its principal place of business in Broomfield, Colorado, as that is the location of its headquarters from which its partners direct, coordinate, and control its business operations. Declaration of Emily Barbara ("Barbara Decl."), ¶¶ 6-7. In addition, Defendant was formed under the laws of the State of Nevada. *Id*. at ¶ 5. Defendant is neither formed nor incorporated in California, nor does it have its principal place of business in California. *Id*. at ¶¶ 5-7. Accordingly, for purposes of determining diversity, Defendant is regarded as a citizen of Colorado and Nevada, and not a citizen of California.[3]

---

[2]     *See also Hoffman v. Cingular Wireless, LLC*, No. 06-CV-1021 W (BLM), 2006 WL 8434266, at *5 (S.D. Cal. Aug. 14, 2006) (emphasis in original) ("CAFA, however, treats all unincorporated associations as corporations for its minimal diversity purposes – *i.e.,* the unincorporated entity is a citizen *only* of the state in which it is organized and the state in which it has its principal place of business."); *Abrego v. Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006) (stating that CAFA "departs from the rule that frequently destroys diversity jurisdiction, that a limited partnership's or unincorporated association's citizenship for diversity purposes can be determined only by reference to all of the entity's members.").

[3]     The citizenship of fictitiously named "Doe" defendants is disregarded for purposes of

3

Case No. _____
DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

45650745_1.docx

12.　　<u>Citizenship of Plaintiff and the putative class members</u>. For diversity purposes, an individual is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

13.　　The Complaint alleges that Plaintiff "is a resident of Douglas County, Nevada". Exh. A, ¶ 2. Thus, Plaintiff is presumed to be a citizen of the State of Nevada.

14.　　CAFA removal is appropriate where *any* putative class member—whether named or unnamed—is a citizen of a different state than any defendant. 28 United States Code §§ 1332(d)(1), (d)(2), (5)[B]. Members of the proposed class, who by definition are or were employed in California, are presumed to be primarily citizens of the State of California. *See, e.g.*, *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("place of employment" an important factor weighing in favor of citizenship). Defendant's employment records confirm that dozens of individuals who fall within Plaintiff's definition of the putative class provided home addresses within the State of California. Starr. Decl., ¶ 6.

15.　　Accordingly, the minimal diversity of citizenship requirements under 28 U.S.C. §§ 1332(d)(1), (d)(2) are met because Defendant is a citizen of Nevada and Colorado while putative class members are citizens of California.

**c.　The Amount in Controversy Exceeds an Aggregate of $5,000,000**

16.　　Plaintiff has not alleged a specific amount in controversy in the Complaint. In order to remove a class action pursuant to CAFA, the amount in controversy must exceed $5,000,000, and it is the removing party's burden to establish "by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). To do so, the removing defendant must "produce underlying facts showing only that it is *more likely than not* that the amount in controversy exceeds

removal.  28 U.S.C. § 1441(a); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Case No. _____

DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

45650745_1.docx

$5,000,000.00, assuming the truth of the allegations plead in the Complaint." *Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007) (emphasis in original).

17.     In considering the evidence submitted by the removing defendant, the Court must "look beyond the complaint to determine whether the putative class action meets the [amount in controversy] requirements," adding "the potential claims of the absent class members" and attorneys' fees. *Rodriguez*, 728 F.3d at 981 (citing *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 185 L.Ed. 2d 439 (2013)); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 705 (9th Cir. 2007). Furthermore, "[i]n considering whether the amount in controversy is clear from the face of the complaint, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Altamirano v. Shaw Indus., Inc.*, C-13-0939 EMC, 2013 WL 2950600, at *4 (N.D. Cal. June 14, 2013) (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)); *see also Muniz*, 2007 WL 1302504, at *3.

18.     While Defendant denies the validity of Plaintiff's claims and requests for relief and does not concede in any way that the allegations in the Complaint are accurate, that Plaintiff's claims are amenable to classwide treatment, or that Plaintiff or the purported class are entitled to any of the requested relief, the allegations in the Complaint show it is more likely than not that the amount in controversy exceeds the jurisdictional minimum. *See Guglielmino*, 506 F.3d at 700.

19.     As described further below, as well as in the concurrently filed declaration from Marsha Starr,[4] the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

---

[4]     For purposes of effecting removal pursuant to 28 U.S.C. § 1332(d), declarations from defendants, their employees, and their counsel constitute sufficient evidence to establish the amount in controversy. *See, e.g.*, *Muniz*, 2007 WL 1302504, at *2, *5 (relying on the evidence submitted by the defendant in the form of a declaration from its employee relations manager, which "set forth the underlying facts needed to calculate the amount in controversy," and a declaration from its counsel, which calculated the amount in controversy based on the underlying facts and in light of the laws governing the plaintiff's claims, and finding that the defendant had shown that "it is more likely than not that the jurisdictional threshold of $5,000,000.00 is met"); *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *4 (N. D. Cal. Mar. 1, 2012) (finding there was "adequate foundation" for the declaration submitted by the defendant's human resources director regarding "the numbers of employees, payperiods [sic] and average rates of pay during the applicable limitations periods," which was derived from a compilation of "information that is kept in the normal course of business," and relying on the declaration to find that the defendant had met its burden to

DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

**i.  Defendant's Estimate of the Amount in Controversy**

20.    In determining the amount in controversy to support its Notice of Removal, Defendant relies on a conservative estimate of the amount in controversy based only on damages sought by Plaintiff as a result of the alleged: (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to provide accurate wage statements; and (4) failure to pay timely wages upon employment termination. Because the amounts in controversy for these claims alone satisfy the jurisdictional minimum requirement of $5 million, Defendant does not include additional analyses for estimates of the amounts placed in controversy by Plaintiff's other causes of action as alleged in the Complaint, including potential damages sought for the allegations of: (1) failure to timely pay wages during employment in violation of California Labor Code § 204 (2) failure to provide overtime wages in violation of California Labor Code §§ 510 and 1198; (3) failure to maintain accurate payroll records in violation of California Labor Code § 1174; (4) violation of California Labor Code §§ 2699 *et seq.*; and (5) unfair competition in violation of California Business and Professions Code §§ 17200 *et seq*. That said, Defendant reserves the right to do so in opposition to any remand motion.

**1.  The Amount Placed in Controversy by the Meal Period Claim**

21.    In his Second Cause of Action, Plaintiff alleges that "[a]t all relevant times, Defendant failed and refused to provide Plaintiff and Class Members with uninterrupted meal periods during their work shifts, and failed to compensate Plaintiff and Class Members for missed meal and rest periods as required by Labor Code § 226.7 and the applicable sections of 8 Code of Regulations § 11040 and Industrial Welfare Commission Order No. 4". Exh. A ¶ 32.

22.    Plaintiff further alleges the following with respect to his meal period claim:

As a matter of uniform and systematic policy, Defendant failed to authorize and/or permit non-exempt employees to take bona fide meal periods pursuant to Labor Code § 226.7. In failing to authorize and/or permit meal periods, Defendant has also implemented a uniform policy of denying compensation in lieu of meal periods to its

establish the amount in controversy in excess of CAFA's jurisdictional threshold).

45650745_1.docx

non-exempt employees, notwithstanding its actual knowledge that such employees were uniformly denied compliant meal periods.

*Id.* at ¶ 10.

As such, Plaintiff's allegation is a "uniform", "systematic" "policy" of failing to provide each member of the putative class a compliant meal break and meal break premium.

23.     Under California law, employees who are not provided meal periods are entitled to one hour of premium pay for each day that a meal period is not provided. *See Marlo v. United Parcel Serv., Inc.*, 2009 WL 1258491, at *7 (C.D. Cal. May 5, 2009). Meal period claims are properly considered in determining the amount in controversy. *See, e.g., Muniz*, 2007 WL 1302504, at *4; *Helm v. Alderwoods Grp., Inc.*, 2008 WL 2002511, at *8 (N.D. Cal. May 7, 2008).

24.     When determining the amount placed in controversy by a plaintiff's allegations regarding a "uniform and systematic policy" of meal period violations like those alleged by Plaintiff in the Complaint, a 20% violation rate that is uniformly applied across all members of the putative class period is both reasonable and conservative. *Danielsson v. Blood Centers of Pac.*, No. 19-CV-04592-JCS, 2019 WL 7290476, at *6 (N.D. Cal. Dec. 30, 2019); *Chavez v. Pratt (Robert Mann Packaging), LLC*, No. 19-CV-00719-NC, 2019 WL 1501576, at *3 (N.D. Cal. Apr. 5, 2019) (finding that a 20% violation rate for meal and rest period was reasonable where the plaintiff alleged a "pattern or practice" of violations); *Mendoza v. Savage Servs. Corp.*, No. 2:19-CV-00122-RGK-MAA, 2019 WL 1260629, at *2 (C.D. Cal. Mar. 19, 2019) (finding that a 20% violation rate for meal and rest breaks was reasonable where the complaint alleged a "pattern and practice" of violations, and noting that courts in the Central District of California "routinely apply a 20% violation rate ... for meal and rest period premiums" and citing cases).

25.     Based on a review of Defendant's business records, the putative class members worked at least 531,434 shifts exceeding six hours[5] in length between April 6, 2016 and January 18,

---

[5]     An employer must provide a meal period of at least 30 minutes to an employee who works more than five hours in a day, except that a meal period may be waived if the employee works six or fewer hours in a day.  Cal. Labor Code § 512(a).  For the purposes of this analysis, Defendant has focused only on meal-period eligible shifts that were more than six hours in length, and excluded shifts between five and six hours where a meal period was also provided but could have been waived

DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

2021 ("the Applicable Period"). Starr. Decl. ¶ 3. The hourly rate of the putative class members was at least $10.00 per hour during this period.[6]  Starr. Decl. ¶ 7.

26.     Defendant conservatively estimates that the amount placed into controversy by Plaintiff's claim for failure to provide legally compliant meal periods is at least $**1,062,850** (106,285 x $10.00). The computation of the amount in controversy is based on conservative estimate that there was a meal break violation during 20% of the 531,434 meal-break eligible shifts (106,285 shifts), and that the putative class members earned a regular rate of at least $10.00 per hour during the Applicable Period. Starr. Decl., ¶ 7.

27.     Consequently, the amount placed in controversy by the Meal Period Claim is $**1,062,850**.

### 2.   The Amount Placed in Controversy by Plaintiff's Rest Break Claim

28.     Plaintiff's Third Cause of Action also alleges rest break violations on a classwide basis. The Complaint alleges that "Defendant failed to authorize or permit rest periods ***altogether*** for their non-exempt employees, including Plaintiff." Exh. A, ¶ 41 (emphasis added).

29.     With respect to the rest break claim, the Complaint further contends allege a systematic failure to provide rest periods and premium payment in lieu thereof:

> Defendant knew or should have known that Plaintiff and Class Members were
> prevented from being relieved of all duties during rest periods or were not being
> provided rest periods. As a result of these policies and/or practices, Plaintiff and Class
> Members had to work through their rest periods, have their rest periods interrupted,

---

by the employee.

[6]     Since April 6, 2016, the minimum hourly base rate of pay for Defendant's non-exempt employees has been no less than $10.00. From January 1, 2017, through December 31, 2017, the hourly rate of pay for putative class members was at least $10.50.  The hourly rate for putative class members in calendar year 2018 was at least $11.00. The hourly rate for putative class members in calendar year 2019 was at least $12.00. The hourly rate for putative class members in calendar year 2020 was at least $13.00. Since January 1, 2021, the hourly rate for putative class members has been at least $14.00.  Starr Decl., ¶ 7.  For purposes of these calculations, though, Defendant has conservatively used the lowest hourly rate of $10.00 for the entire class period.

45650745_1.docx

and/or wait extended periods of time before taking rest periods. . . .  Moreover, upon information and belief, Defendant engaged in a systematic company-wide policy to not pay rest period premiums to Plaintiff and Class Members.

*Id.* at ¶ 42.

30.     Elsewhere, the complaint alleges Defendant failed to authorize and/or permit rest periods was implemented "as a matter of uniform and systemic policy". *Id.* at ¶ 9. As such, the Complaint alleges that Defendant always failed to provide rest periods and premiums in lieu thereof.

31.     Under California law, employers must provide at least one 10-minute rest period for shifts 3.5 hours or greater. *Brinker Rest. Corp. v. Sup. Ct.*, 53 Cal. 4th 1004, 1029 (2012). Employees who do are not provided the opportunity to take a rest period are entitled to one hour of premium pay for each day that the opportunity to take a rest period is not provided. *United Parcel Serv. Wage & Hour Cases*, 196 Cal. App. 4th 57, 63 (2011). Rest period claims are properly considered in determining the amount in controversy. *See, e.g., Olson v. Becton, Dickinson & Co.*, 19-cv-865-MMA, 2019 WL 4673329, *4-5 (S.D. Cal. Sept. 25, 2019); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 926-27 (9th Cir. 2019).

32.     To calculate the amount placed into controversy by Plaintiff's rest break claim, Defendant applied a 100% rest period violation rate. Doing so is reasonable because Plaintiff's Complaint specifically alleges that Defendant "failed to authorize or permit rest periods ***altogether***" "as a matter of uniform and systemic policy", and "engaged in a systematic company-wide policy to not pay rest period premiums". Exh. A ¶¶ 9, 42 (emphasis added); *Soratorio v. Tesoro Refining and Marketing Co., LLC*, 2017 WL1520416, at *3 (C.D. Cal. Apr. 26, 2017) ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate. The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendants' 'common practice'"); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) (holding that a 100% meal period violation rate was acceptable where plaintiff alleged existence of a common policy or practice but "did not allege a more precise calculation" or frequency of violations). Plaintiff's Complaint therefore contends that Defendant never provided rest breaks or rest break premiums in lieu thereof.

33.     Based on a review of Defendant's business records, the putative class members worked at least 631,287 shifts at or exceeding 3.5 hours in length during the Applicable Period. Starr. Decl. ¶ 3.

34.     Defendant conservatively estimates that the amount placed into controversy by Plaintiff's claim for failure to provide legally compliant rest periods is at least $**6,312,870** (631,287 x $10.00). The computation of the amount in controversy is based on the estimate that there was a 100% rest break violation given the allegations of the Complaint, and that the putative class members earned a regular rate of $10.00 per hour during the Applicable Period. Starr Decl., ¶¶ 3, 7.

35.     Consequently, the amount placed in controversy by the Rest Break Claim is at least $**6,312,870**.

### 3.     The Amount Placed in Controversy by Plaintiff's Wage Statement Claim.

36.     Plaintiff's Fourth Cause of Action alleges Defendant failed to provide putative class members with accurate wage statements in violation of Labor Code § 226(a).

37.     The Complaint sets forth three separate wage statement theories. First, the Complaint alleges that "[a]t all times relevant to this complaint, Defendant's policy of failing to pay hours at the proper overtime rate ensured that Class Members' itemized wage statements did not reflect the true wage rates owed, and thus inaccurately reflected the number of gross and net wages earned." Exh. A. ¶ 46.

38.     Second, the Complaint alleges that "Defendant's failure to pay premium wages for missed meal and/or rest periods further ensured that Class Members' wage statements inaccurately reflected gross and net wages earned." *Id.*

39.     Third, the Complaint contends that "[a]t all times relevant to this complaint, Defendant maintained a policy of listing an address on wage statements that did not reflect the legal address of the employer." *Id.* at ¶ 47.

40.     Plaintiff maintains that as a result of Defendant's "knowing[] and intentional[]" failure to comply with Labor Code § 226, the putative class members are "entitled to recover the greater of all actual damages or fifty ($50) dollars for the initial violation and one-hundred ($100)

10

45650745_1.docx

1    dollars for each subsequent violation." *Id.* at ¶¶ 48, 50.

2        41.    The statute of limitations for a claim for wage statement penalties under Labor Code

3    § 226 is one year. Cal. Civ. Proc. Code § 340(a).

4        42.    Defendant's calculation of Plaintiff's claim for non-compliant wage statements is

5    $**2,333,050** (2,639 x $50) + (22,011 x $100). The computation of the amount in controversy is based

6    on data reflecting that Defendant issued at least 24,650 wage statements to the putative class

7    members between October 21, 2019 and January 18, 2021; that between October 21, 2019 and

8    January 18, 2021, there were 204 putative class members who were issued just one wage statement,

9    while 2,435 putative class members received more than one wage statement; non-exempt employees

10   are paid on a biweekly basis; applied a100% wage statement violation rate; application of Plaintiff's

11   allegation that the penalty for the first wage statement violation for each putative class member is

12   $50; and application of Plaintiff's allegation that each subsequent wage statement violation is $100.

13   Starr. Decl. ¶ 4; Exh. A ¶¶ 48, 50.

14       43.    A 100% wage statement violation rate is reasonable given the allegations contained

15   in Plaintiff's Complaint. For example, the Complaint contends that "at all times relevant to the

16   Complaint, Defendant maintained a policy" of failing to list the proper employer address on wage

17   statements in violation of Labor Code § 226(a)(8). Exh. A, ¶ 47. The Complaint further contends that

18   the wage statements were inaccurate due to the failure to pay premium wages for meal and rest

19   periods, which, in turn, the Complaint alleges occurred on a "systematic company-wide" basis. *Id.*

20   at ¶¶ 42, 46.

21       44.    A 100% wage statement violation rate is reasonable when a complaint "makes broad

22   allegations of systematic violations." *Baker v. Propak Logistics, Inc*., No. EDCV191241JGBSHKX,

23   2019 WL 4168998, at *4 (C.D. Cal. Sept. 3, 2019); *see also Torrez v. Freedom Mortg., Corp*., 2017

24   WL 2713400, at *4 (C.D. Cal. June 22, 2017) (holding that application of a 100% violation rate is

25   reasonable in an amount-in-controversy calculation where Plaintiff made allegations that were

26   "susceptible to broad interpretations"); *Baker*., 2019 WL 4168998, at *4 (concluding that an applied

27   100% inaccurate wage statement rate is reasonable "[i]f one assumes, as the Court does, that there

28   were multiple unpaid meal and rest breaks per pay period, the assumption that every wage statement

11

Case No. _____

DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

was inaccurate is inescapable.")

45.     Consequently, the amount placed in controversy by the Wage Statement Claim is at least $**2,333,050**.

### 4.     The Amount Placed in Controversy by Plaintiff's Waiting Time Penalties Claim

46.     In his Fifth Cause of Action, Plaintiff alleges that Defendant "knowingly failed to pay Plaintiff and Class Members all earned wages upon termination. Instead, Defendant willfully and intentionally refused to pay the earned overtime as alleged herein to Plaintiff and Class Members in violation of Labor Code §§ 201 and 202." Exh. A, ¶ 56.  In turn, Plaintiff alleges that Defendant failed to pay overtime premiums for all hours worked by Plaintiff and the putative class members "throughout the Class Period" due to an alleged "uniform" "policy to pay all hours worked at regular rate." *Id.* at ¶¶ 8, 25.

47.     Section 203 penalties "accrue not only on the days that the employee might have worked, but also on nonworkdays," for up to 30 days; the accrual of these penalties "has nothing to do with the number of days an employee works during the month. *Mamika v. Barca*, 68 Cal. App. 4th 487, 492-93 (1998). As the "targeted wrong" address by Section 203 is "the delay in payment" of wages, that wrong "continues so long as payment is not made"; therefore, "[a] proper reading of section 203 mandates a penalty equivalent to the employees' daily wages for each day he or she remained unpaid up to a total of 30 days." *Id.* at 493.

48.     Here, Plaintiff's Section 203 claim is not premised only on the theory that Defendant failed to timely deliver final paychecks to terminated employees; rather, Plaintiff contends that Defendant owes penalties at least in part as a result of its purported failure to pay all wages owed during employment, including but not limited to, unpaid overtime wages. Exh. A, ¶¶  8, 25, 56. In light of the fact that, through his Complaint, Plaintiff is seeking to recover allegedly unpaid overtime wages due to a purported "uniform policy of willfully failing to pay" overtime "at the proper overtime rate", it is clear that Plaintiff's theory is that such alleged unpaid wages still have not been paid to Plaintiff and putative class members. *Id.* at ¶¶ 8, 56. It is therefore reasonable to calculate the amount in controversy for this claim based on a 30-day penalty at each former employee's daily wage rate.

12                        Case No. _____

*See Quintana v. Claire's Stores Inc.,* No. 13-0368-PSG, 2013 WL 1736671, at *6 (N.D. Cal. Apr. 22, 2013) (finding that defendant's waiting time penalties calculation was "supported by Plaintiffs' allegations" and was "a reasonable estimate of the potential value of the claims" where the complaint alleged that defendants "'regularly required'" putative class members to work off-the-clock without compensation, and the defendants estimated that each putative class member "potentially suffered at least one violation that continues to be unpaid"); *Stevenson v. Dollar Tree Stores, Inc.*, No. CIV S-11-1433 KJM, 2011 WL 4928753, at *4 (E.D. Cal. Oct. 17, 2011) (finding it reasonable for defendant to apply, in light of the allegations in the complaint that putative class members "routinely" missed meal periods, that "all members of the proposed class . . . would have missed a meal period as described in the complaint at least once and were thus entitled to the waiting time penalty").

49.     Defendant's very conservative calculation of Plaintiff's claim for waiting time penalties for failure to timely pay all wages upon termination is $3,465,315 (30 days x $10.50 x 3 hours x 3,667.) The computation of the amount in controversy is based on data reflecting that: from October 21, 2017 and the date of removal,[7] at least 3,667 non-exempt California employees were separated from employment with Defendant, Plaintiff's contention that each of these 3,667 putative class members is qualified to receive waiting time penalties, data reflecting that each putative class member earned a regular rate of no less than $10.50 per hour since October 21, 2017, and an extremely conservative estimate that a "day" for the purpose of the waiting time penalty constitutes only three work hours. Starr Decl. ¶¶ 5, 7.

50.     Consequently, the amount placed in controversy by the Waiting Time Penalties Claim is at least $3,465,315.

**5.   <u>Attorneys' Fees Further Increase the Amount in Controversy</u>**

51.     When an award of attorneys' fees is authorized by statute, the request for attorneys' fees is properly considered in determining the amount in controversy for removal purposes.  *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("We conclude that

---

[7] The statute of limitations for waiting time penalties pursuant to Section 203 is three years. Cal. Code Civ. P. § 338(a); *Pindeda v. Bank of Am.*, 50 Cal. 4th 1389 (2010).

1   if a plaintiff would be entitled under a contract or statute to future attorney's fees, such fees are at

2   stake in the litigation and should be included in the amount in controversy."); *Muniz*, 2007 WL

3   1302504 at *3 ("In measuring the amount in controversy, a court must assume that the allegations

4   of the complaint are true and that a jury will return a verdict for the plaintiffs on all claims made in

5   the complaint.").

6        52.    Here, Plaintiff claims that she is entitled to attorneys' fees for various alleged

7   violations of the California Labor Code, including §226(a). Exh. A, ¶ 50, *id.* Prayer For Relief ¶ G.

8        53.    The Court may consider all attorneys' fees that at the time of removal can reasonably

9   be anticipated will be incurred over the life of the case. *See Fritsch*, 889 F.3d at 794 ("Because the

10  law entitles [Plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees

11  are at stake in the litigation, and must be included in the amount in controversy."); *Goldberg v. CPC

12  Int'l*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that "potential attorneys' fees" could be considered

13  for purposes of meeting the amount in controversy requirement); *Haase v. Aerodynamics Inc.*, No.

14  2:09-cv-01751-MCE-GGH, 2009 WL 3368519, at *5 (E.D. Cal. 2009) ("[B]ecause attorney's fees

15  are expressly authorized by statute, such fees may be included in determining the amount in

16  controversy . . . ."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 n.4 (N.D. Cal.

17  2002) ("While an estimate of the amount in controversy must be made based on facts known at the

18  time of removal, that does not imply that items such as future income loss, damages, or attorneys'

19  fees likely to be incurred cannot be estimated at the time of removal."); *Simmons v. PCR Tech.*, 209

20  F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) (stating that "the measure of fees should be the amount

21  that can reasonably be anticipated at the time of removal, not merely those already incurred" and

22  noting that "attorney's fees cannot be precisely calculated" but making projection of likely fees based

23  on the court's "twenty-plus years' experience" overseeing similar cases).

24       54.    As detailed above, the amount in controversy for Plaintiff's wage statement claim is

25  at least $**2,333,050**. The amount in controversy could be further increased by at least 25% to account

26  for potential attorneys' fees. Attorneys' fees awards in other employment actions show that

27  attorneys' fees awards in wage-and-hour class actions often exceed 25% of the underlying amount

28  in controversy. *See Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504 at *4, n.8 (noting that in

14

California, where wage and hour class actions have settled prior to trial, it is not uncommon for an attorneys' fee award to be in the realm of 25% to 30% of the settlement); *see also Jasso,* 2012 WL 699465, at *7 (noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees'") (quoting *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998)).

55.     Accordingly, Defendant conservatively estimates that Plaintiff's attorneys' fees in this matter are likely to be at least 25% of the amount placed in controversy, or $**583,262**, just on Plaintiff's wage statement claim alone.

### 6.   Summary of Defendant's Calculations

56.     As described above, a reasonable and conservative estimate of the amount in controversy presented by Plaintiff's meal period, rest break, wage statement, and waiting time claims exceed $5,000,000. Indeed, these four claims alone have placed at least $13,757,347 in controversy, as follows:

| Claim | Estimated Exposure |
|---|---|
| Meal Period Claim | $1,062,850 |
| Rest Break Claim | $6,312,870 |
| Wage Statement Claim | $2,333,050 |
| Waiting Time Penalties Claim | $3,465,315 |
| Sub-Total | $13,174,085 |
| 25% Attorneys' Fees on Wage Statement Claim | $583,262 |
| **TOTAL** | **$13,757,347** |

Consequently, the amount placed in controversy by Plaintiff's claims exceeds the $5,000,000 jurisdictional threshold of 28 U.S.C. § 1332(d).

/ / /

/ / /

45650745_1.docx

1

2

**III.    DEFENDANT HAS SATISFIED THE REMAINING REMOVAL**
**REQUIREMENTS**

3

4

5

6

7

57.    <u>Venue is Proper</u>.  In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending. The Superior Court of the State of California for the County of El Dorado is located within the Eastern District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8

9

58.    In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

10

11

12

59.    In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of El Dorado. Notice of compliance shall be filed promptly afterward with this Court.

13

14

15

60.    Finally, in the event this Court has any question regarding the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the basis for this removal.

16

17

WHEREFORE, Defendant removes the above-captioned action to the United States District Court for the Eastern District of California.

18

19

20

DATED:  January 20, 2021

21

22

23

24

25

26

27

28

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.


By: _____
     Evan R. Moses
     Melis Atalay

Attorneys for Defendant
HEAVENLY VALLEY, Limited Partnership

45650745.1

Case No. _____

DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

45650745_1.docx

# EXHIBIT A

1   Justin Toobi, Esq. (SBN:296174)
    724 S. Spring. St., Suite 201
2   Los Angeles, CA 90014
    Telephone: (310) 435-9407
3
4   Julian Burns King (Bar No. 298617)
    julian@kingsiegel.com
5   Elliot J. Siegel (Bar No. 286798)
    elliot@kingsiegel.com
6   **KING & SIEGEL LLP**
    724 S. Spring Street, Suite 201
7   Los Angeles, California 90014
    tel:   (213) 465-4802
8   fax:  (213) 465-4803
9
    Attorneys for Plaintiff
10

**FILED**

OCT 2 1 2020

EL DORADO CO. SUPERIOR COURT
BY _____ W. Warden
(DEPUTY CLERK)

Assigned to Judge
MICHAEL J. McLAUGHLIN

OCT 21 2020

FOR ALL PURPOSES

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              FOR THE COUNTY OF EL DORADO

| | |
|---|---|
| 13  Adam Heggen, an individual, | CASE NO.  SC20200150 |
| 14              Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| 15          vs. | 1)      **Failure to Pay Overtime Wages;** |
| 16  Heavenly Valley, Limited Partnership; and Does 1-10, inclusive, | 2)      **Failure to Provide Meal Periods or Premium Pay in Lieu Thereof;** |
| 17              Defendants. | 3)      **Failure to Provide Rest Periods or Premium Pay in Lieu Thereof;** |
| 18 | 4)      **Failure to Provide Complete and Accurate Wage Statements** |
| 19 | 5)      **Failure to Pay Wages When Due;** |
| 20 | 6)      **Failure to Maintain Accurate Payroll Records;** |
| 21 | 7)      **PAGA Penalties; and** |
| 22 | 8)      **Unfair competition** |
| 23 | Jury Trial Requested |
| 24 | BY FAX |

25
26
27
28

---
                              1
                        COMPLAINT

OCT 2 1 2020

EXHIBIT A, PAGE 17

Plaintiff Adam Heggen, on behalf of himself and all other employees similarly situated cur-
rent and former employees ("Class Members"), by and through his counsel of record, alleges as fol-
lows against Defendant Heavenly ("Heavenly" or "Defendant"):

## PARTIES

1.     Defendant Heavenly Valley, Limited Partnership ("Heavenly") operates ski resorts,
ski recreation areas and other related facilities in California. On information and belief, Heavenly
currently employs at least 100 hourly, non-exempt employees in California in a variety of capacities.
Heavenly is a foreign limited liability company registered and organized under the laws of Nevada
with its principal place of business in South Lake Tahoe, California.

2.     Plaintiff Adam Heggen ("Plaintiff") is a resident of Douglas County, Nevada. From
approximately 2015 to December 2019, Plaintiff was an hourly, non-exempt employee of Defendant
working as a security guard in California.  Plaintiff was subject to the policies and practices described
in this complaint at all times during his employment with Heavenly.

3.     Plaintiff is not currently aware of the names and true identities of defendants Does 1-
10. Plaintiff reserves the right to amend this complaint to allege their true names and capacities when
this information is available. Each Doe defendant is responsible for the damages alleged pursuant to
each of the causes of action asserted, either through its own conduct, or vicariously through the con-
duct of others. All further references in this complaint to the named Defendant includes the fictitiously
named defendants.

4.     At all times alleged herein, each Defendant was an agent, servant, joint employer,
employee, partner, and/or joint venture of every other Defendant and was acting within the scope of
the Defendant's relationship. Moreover, the conduct of every Defendant was ratified by each other
Defendant.

## VENUE AND JURISDICTION

5.     The court has jurisdiction over all causes of action in this complaint pursuant to Article
VI, § 10 of the California Constitution. No federal question is at issue; Plaintiff relies solely on Cal-
ifornia statutes and law, including the Government Code and the Business & Professions Code. Be-
cause Defendant conducts substantial business in El Dorado County, Defendant is within the

1   jurisdiction of the court for service of process. Moreover, Business & Professions Code § 17204

2   provides that any person acting on their own behalf may bring an action in any court of competent

3   jurisdiction.

4       6.      Venue as to Defendant is proper in this Superior Court pursuant to California Code of

5   Civil Procedure § 395. Defendant's regularly does business in—and has its principal place of business

6   and headquarters in—South Lake Tahoe, California in the County of El Dorado. The unlawful acts

7   alleged have directly affected Plaintiff took place and the wages at issues were earned in El Dorado

8   County. No federal question is at issue; Plaintiff relies on California statutes and law, including the

9   Labor Code, IWC Wage Orders, Code of Civil Procedure, and Business & Professions Code.

10      7.      This Court has subject matter jurisdiction over any and all causes of action asserted

11  herein pursuant to Article VI, section 4 of the California Constitution and California Code of Civil

12  Procedure sections 88 and 410.10 by virtue of the fact that this is a civil action in which the matter in

13  controversy, not including attorneys' fees, interests, and costs, exceeds $25,000, and because each

14  cause of action asserted arises under the laws of the State of California or is subject to adjudication

15  in the courts of the State of California.

16                          **CLASS ACTION ALLEGATIONS**

17      8.      At all times relevant to this Complaint, Defendant has implemented a uniform policy

18  of willfully failing to pay for hours worked over 8 in a day or 40 in a week and/or over 10 in a day or

19  48 in a week during certain months at the proper overtime rate, denying its non-exempt employees

20  earned overtime compensation.

21      9.      As a matter of uniform and systemic policy, Heavenly failed to authorize and/or permit

22  non-exempt employees to take bona fide rest breaks pursuant to Labor Code § 226.7. In failing to

23  authorize and/or permit rest periods, Heavenly has also implemented a uniform policy of denying

24  compensation in lieu of rest periods to its non-exempt employees, notwithstanding its actual

25  knowledge that such employees were uniformly denied compliant rest periods.

26      10.     As a matter of uniform and systemic policy, Defendant failed to authorize and/or per-

27  mit non-exempt employees to take bona fide meal periods pursuant to Labor Code § 226.7. In failing

28  to authorize and/or permit meal periods, Defendant has also implemented a uniform policy of denying

EXHIBIT A, PAGE 19

1  compensation in lieu of meal periods to its non-exempt employees, notwithstanding its actual
2  knowledge that such employees were uniformly denied compliant meal periods.

3       11.    Non-exempt employees did not agree in writing to on-duty meal periods and the nature
4  of their work did not prevent them from being relieved of all duty during meal periods.

5       12.    As a matter of uniform and systemic policy, Defendant has refused their employees
6  the right to inspect their payroll records, personnel files, and documents signed in the course of their
7  employment in accordance with applicable law.

8       13.    As a matter of uniform and systemic policy, Defendant failed to provide accurate wage
9  statements to their non-exempt employees with the accurate amount of wages earned, overtime hours
10 and address of Heavenly.

11      14.    When Plaintiff was terminated, Defendant failed to provide Plaintiff all his unpaid
12 wages in his final paycheck.

13      15.    Accordingly, Plaintiff brings this action on behalf of himself and as a class action on
14 behalf of the following defined Class:

15      **Non-Exempt Employee Class:**

16      *All persons who are and/or were employed for at least one pay period as non-exempt employ-*
17      *ees by Heavenly in the State of California between April 6, 2016 and the date of trial*
18      *("Class").*

19      16.   Common methods of proof exist for determining these issues on a class-wide basis,
20 including but not limited to, Defendant's employment records, payroll records, timesheets, policies,
21 and disciplinary records.

22      17.    **Numerosity.** Plaintiff is informed and believes that, during the class period, at least
23 100 Class Members have been employed as non-exempt employees by Defendant. The number of
24 Class Members is sufficiently numerous such that joinder of all members is impossible or impracti-
25 cable.

26      18.    **Typicality.** Plaintiff's claims are typical of all Class Members. Plaintiff, like all other
27 Class Members, was subjected to the policies and practices set forth above. Plaintiff's job duties were
28 typical of Class Members in all relevant respects.

EXHIBIT A, PAGE 20

19.    **Adequacy.** There are no material conflicts between the claims of the representative Plaintiff and Class Members that would make class certification inappropriate. Plaintiff understands his obligation to inform the Court of any relationship, conflicts, or differences with any Class Member. Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff is invested in redressing Defendant's illegal practices on behalf of all Class Members. Moreover, Plaintiff has retained competent counsel experienced in both class action and employment litigation. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement, and will vigorously assert the claims of all Class Members. Plaintiff has incurred, and will continue to incur, costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

20.    **Existence and Predominance of Common Issues.** Common questions of law and fact exist as to all Class Members and predominate over issues affecting individual Class Members, including, but not limited to:

a.  Whether Heavenly has a common policy and/or practice of denying compliant rest periods to non-exempt employees;

b. Whether Heavenly has a common policy and/or practice of denying compliant meal periods to non-exempt employees;

c.  Whether Heavenly unlawfully and/or willfully deprived Plaintiff and Class Members of compliant, off-duty meal and/or rest periods;

d. Whether Heavenly has a common policy and/or practice of failing to pay non-exempt employees for hours worked over 8 in a day or 40 in a week at overtime rates;

e. Whether Heavenly unlawfully and/or willfully failed to compensate Plaintiff and Class Members for overtime hours as a result of a policy of failing to pay overtime hours at the required overtime rates;

f. Whether Heavenly has a common policy and/or practice of failing to maintain accurate payroll records in the State of California;

g.  Whether Heavenly unlawfully and/or willfully failed to maintain accurate payroll records in the State of California;

EXHIBIT A, PAGE 21

h.  Whether Heavenly has a policy and/or practice of failing to provide accurate wage statements reflecting hours wages earned and its accurate address to Plaintiff and Class Members;

i.  Whether Heavenly has a policy and/or practice of failing to pay Plaintiff and Class Members final wages owed upon termination;

j.  Whether Heavenly unlawfully and/or willfully failed to promptly pay compensation due to Plaintiff and Class Members upon termination of employment in violation of Labor Code §§ 201, 202, and 203;

k.  Whether Plaintiff and Class Members sustained damages as a result of any of the aforementioned violations, and, if so, the proper measure of those damages, including interest, penalties, costs, attorneys' fees, and equitable relief;

l.  Whether Heavenly violated the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, by violating the above provisions of law; and

m.  Whether Heavenly violated the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, by treating Plaintiff and Class Members unfairly by depriving them of rest and/or meal periods, failing to provide them with compensation in lieu of meal and/or rest periods, failing to pay wages upon termination, failing to furnish accurate and timely itemized wage statements upon payment of wages, and failing to pay all compensation due upon discharge.

21.  **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by individual Class Members, while substantial, are small compared to the burden and expense of individual prosecution of the complex and expensive litigation necessary to address Defendant's conduct. Even if Class Members themselves could afford individual litigation, the court system would be overwhelmed by individual lawsuits if all Class Members sought redress. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; it allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and it provides the benefits of single adjudication, economies of scale, and

EXHIBIT A, PAGE 22

1    comprehensive supervision by a single court. Plaintiff contemplates providing individual notice to

2    members of the class defined above as identified through Defendant's records.

3    ### **FIRST CAUSE OF ACTION**

4    ***Lab. Code §§ 510 and 1198***
     ***Unpaid Overtime***

5    ***(Plaintiff and Class Members Against Defendant)***

6    22.    Plaintiff incorporates by reference every allegation in this complaint as if fully set

7    forth herein.

8    23.    California Labor Code §§ 510 and 1198 and Industrial Wage Order No. 10 provide

9    that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-

10   half or two-times that person's regular rate of pay, depending on the number of hours worked by the

11   person on a daily or weekly basis.

12   24.    Specifically, Industrial Wage Order No. 10 provides that Plaintiff and Class Members

13   who work more than eight hours in a day or more than forty hours in a workweek, or more than ten

14   in a day and forty-eight in a workweek during months when Alpine or Nordic skiing activities are

15   conducted ("Ski Season"), are to be paid at the rate of time and one-half (1½) for all hours worked in

16   excess of those amounts. An employee's regular rate of pay includes all remuneration for employment

17   paid to, or on behalf of, the employee, including commissions, non-discretionary bonuses and incen-

18   tive pay. *Alvarado v. Dart Container Corp. of California*, 4 Cal. 5th 542, 573 (2018), *as modified*

19   (Apr. 25, 2018).

20   25.    Throughout the Class Period, Plaintiff and other Class Members were not paid over-

21   time premiums for all of the hours they worked in excess of eight hours in a day, in excess of twelve

22   hours in a day, in excess of eight hours on the seventh consecutive day of work in a workweek, in

23   excess of forty hours in a week, or in excess of ten in a day or forty-eight in a week during Ski Season,

24   because Defendant had a policy to pay for all hours worked at regular rates.

25   26.    Accordingly, Defendant's overtime policy resulted in Plaintiff and Class Members

26   being deprived of earned overtime wages.

27   27.    Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover

28   their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

1

**SECOND CAUSE OF ACTION**

2

*Lab. Code §§ 226.7 and 512*
*Meal Break Violations*
**(Plaintiff and Class Members Against Defendant)**

3

4       28.     Plaintiff repeats and incorporates by reference all allegations set forth in this Com-

5   plaint as though fully described herein.

6       29.     At all times relevant to this complaint, Defendant knew it was obligated to provide

7   compliant meal and rest breaks to its non-exempt employees pursuant to Labor Code §§ 512 and

8   226.7. Labor Code § 512(a) states in pertinent part: "[A]n employer may not employ an employee

9   for a work period of more than five hours per day without providing the employee with a meal

10  period of not less than 30 minutes. An employer may not employ an employee for a work period of

11  more than 10 hours per day without providing the employee with a second meal period of not less

12  than 30 minutes . . . ."

13      30.     Labor Code § 226.7 provides:

14          (a)     No employer shall require any employee to work during any meal or rest
                period mandated by an applicable order of the Industrial Welfare Commission.

15

16          (b)     If any employer fails to provide an employee a meal period or rest period in
                accordance with an applicable order of the Industrial Welfare Commission, the em-

17              ployer shall pay the employee one additional hour of pay at the employee's regular
                rate of compensation for each work day that the meal or rest period is not provided.

18

19      31.     Section 11 of IWC Wage Order 11 provides that "No employer shall employ any per-

20  son for a work period of more than five (5) hours without a meal period of not less than 30 minutes,

21  except that when a work period of not more than six (6) hours will complete the day's work the meal

22  period may be waived by mutual consent of the employer and the employee…An employer may not

23  employ an employee for a work period of more than ten (10) hours per day without providing the

24  employee with a second meal period of not less than 30 minutes, except that if the total hours worked

25  is no more than 12 hours, the second meal period may be waived by mutual consent of the employer

26  and the employee only if the first meal period was not waived…. Unless the employee is relieved of

27  all duty during a 30 minute meal period, the meal period shall be considered an on duty meal period

28  and counted as time worked. An on duty meal period shall be permitted only when the nature of the

**EXHIBIT A, PAGE 24**

1  work prevents an employee from being relieved of all duty and when by written agreement between

2  the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the

3  employee may, in writing, revoke the agreement at any time."

4       32.    At all relevant times, Defendant failed and refused to provide Plaintiff and Class Mem-

5  bers with uninterrupted meal periods during their work shifts, and failed to compensate Plaintiff and

6  Class Members for missed meal and rest periods, as required by Labor Code §§226.7 and the appli-

7  cable sections of 8 Code of Regulations §11040 and Industrial Welfare Commission Order No. 4.

8       33.    As alleged herein, Plaintiff and Class Members were employees and not exempt from

9  meal breaks requirements.

10       34.    Throughout the period of Plaintiff's employment, Defendant did not provide Plaintiff

11  with timely duty-free meal breaks.

12       35.    Consequently, Plaintiff and Class Members are owed one hour of pay at their regular

13  hourly rate, or the requisite minimum wage, whichever is higher, for each work period during each

14  day in which Defendant did not provide them with timely duty-free meal periods pursuant Labor

15  Code §226.7.

16       36.    Plaintiff and Class Members have been deprived of their rightfully earned compensa-

17  tion for rest breaks as a direct and proximate result of Defendant's failure and refusal to pay said

18  compensation.

19       37.    Plaintiff and Class Members are entitled to recover such amounts pursuant to Labor

20  Code §226.7(b), plus interest thereon and costs of suit.

21                          **THIRD CAUSE OF ACTION**

22                          *Lab. Code §§ 226.7 and 1198*

                          *Rest Break Violations*

23           **(Plaintiff and Class Members Against Defendant)**

24       38.    Plaintiff repeat and incorporate by reference all allegations set forth in this Complaint

25  as though fully described herein.

26       39.    At all relevant times, Wage Order 11 and California Labor Code sections 226.7 and

27  1198 were applicable to Plaintiff.

28       40.    Wage Order 11 provides that "[e]very employer shall authorize and permit all

EXHIBIT A, PAGE 25

1  employees to take rest periods, which insofar as practicable shall be in the middle of each work pe-

2  riod" and that the "rest period time shall be based on the total hours worked daily at the rate of ten

3  (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work

4  time is less than 3.5 hours. Labor Code section 226.7 provides that no employer shall require an

5  employee to work during any rest period mandated by an applicable order of the California IWC. To

6  comply with its obligation to provide rest periods under Labor Code section 226.7 and Wage Order

7  11, an employer must relinquish any control over how employees spend their break time and relieve

8  their employees of all duties—including the obligation that an employee remain on call. "A rest pe-

9  riod, in short, must be a period of rest." *Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 273, 385

10  P.3d 823, 834 (2016), *as modified on denial of reh'g* (Mar. 15, 2017).

11      41.    Defendant failed to authorize or permit rest periods altogether for their non-exempt

12  employees, including Plaintiff.

13      42.    Defendant knew or should have known that Plaintiff and Class Members were pre-

14  vented from being relieved of all duties during rest periods or were not being provided rest periods.

15  As a result of these policies and/or practices, Plaintiff and Class Members had to work through their

16  rest periods, have their rest periods interrupted, and/or wait extended periods of time before taking

17  rest periods. Defendant did not pay Plaintiff and Class Members for all rest period premium wages

18  when they were missed, interrupted by work, and/or taken late. Moreover, upon information and

19  belief, Defendant engaged in a systematic company-wide policy to not pay rest period premiums for

20  the Plaintiff and Class Members.

21      43.    Pursuant to Wage Order 11 and Labor Code section 226.7(b), Plaintiff and Class

22  Members are entitled to recover from Defendant one additional hour of pay at their regular rates of

23  pay, including the prevailing wage rate where applicable, for each shift that a required rest period

24  was not provided.

25                              **FOURTH CAUSE OF ACTION**

26                          *Lab. Code §§ 226(a), 1174(d), and 1198*
                               *Non-Compliant Wage Statements*
27                     **(Plaintiff and Class Members Against Defendant)**

28      44.    Plaintiff repeat and incorporate by reference all allegations set forth in this Complaint

EXHIBIT A, PAGE 26

1  as though fully described herein.

2    45.    Labor Code § 226 requires employers to furnish employees with an accurate, item-

3  ized statement in writing showing, among other things, (1) gross wages earned; (2) total hours

4  worked by the employee (for hourly-paid, non-exempt employees); (3) all deductions; (4) net wages

5  earned; (5) the inclusive dates of the period for which the employee is paid; (6) the name of the

6  employee and the last four digits of his or her social security number; (7) the name and address of

7  the legal entity that is the employer; *and* (8) all applicable hourly rates in effect during the pay period

8  and the corresponding number of hours worked at each hourly rate by the employee.

9    46.    At all times relevant to this complaint, Defendant's policy of failing to pay hours at

10  the proper overtime rate ensured that Class Members' itemized wage statements did not reflect the

11  true wage rates owed, and thus inaccurately reflected the amount of gross and net wages earned In

12  addition, Defendant's failure to pay premium wages for missed meal and/or rest periods further

13  ensured that Class Members' wage statements inaccurately reflected gross and net wages earned.

14    47.    At all times relevant to this complaint, Defendant maintained a policy of listing an

15  address on wage statements that did not reflect the legal address of the employer. The address listed

16  on wage statements provided to Plaintiff and Class Members was not Defendant's legal address in

17  the state of California or Nevada.

18    48.    Injury. Defendant knowingly and intentionally failed to comply with Labor Code §

19  226, causing injury and damages to Plaintiff and Class Members. Plaintiff and all those similarly

20  situated were injured by these failures because, among other things, they were confused about

21  whether they were paid properly and/or they were misinformed about how much compensation was

22  owed and/or the proper address to contact Defendant about their compensation. These damages in-

23  clude, but are not limited to, costs incurred calculating the correct net wages for each pay period and

24  the amount of employment taxes that were not paid to state and federal tax authorities.

25    49.    Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their

26  nonexempt employees with accurate, itemized statements showing total hours worked, hourly

27  wages, gross wages, total deductions and net wage earned.

28    50.    Relief. Labor Code § 226(e)(1) provides that an employee suffering injury as a result

11

EXHIBIT A, PAGE 27

1  of not being provided with an accurate itemized wage statement is entitled to recover the greater of

2  all actual damages suffered or fifty ($50) dollars for the initial violation and one-hundred ($100)

3  dollars for each subsequent violation, up to $4,000. Pursuant to Labor Code §§ 226(e) and (g),

4  Plaintiff and all others similarly situated are entitled to injunctive relief to ensure Defendant's com-

5  pliance with Labor Code § 226, as well as attorney's fees and costs of suit.

6  ## FIFTH CAUSE OF ACTION

7  ### Lab. Code §§ 201, 202, and 203
   ### Wages Not Timely Paid Upon Termination

8  **(Against Defendant)**

9  51.   Plaintiff repeats and incorporates by reference all allegations set forth in this Com-

10  plaint as though fully described herein.

11  52.   Labor Code § 201 provides, in relevant part, that:

12      If an employee not having a written contract for a definite period quits his or her em-
    ployment, his or her wages[1] shall become due and payable not later than 72 hours

13  thereafter, unless the employee has given 72 hours previous notice of his or her inten-
    tion to quit, in which case the employee is entitled to his or her wages at the time of

14  quitting. Notwithstanding any other provision of law, an employee who quits without
    providing a 72-hour notice shall be entitled to receive payment by mail if he or she so

15  requests and designates a mailing address. The date of the mailing shall constitute the
    date of payment for purposes of the requirement to provide payment within 72 hours

16  of quitting.

17

18  53.   Labor Code § 203 provides:

19      If an employer willfully fails to pay, without abatement or reduction, in with §   201,
    201.5, 202, and 205.5, any wages of an  employee who is discharged or who quits, the

20  wages of the employee shall continue as a penalty from the due date thereof at the
    same rate until paid or until an action therefor is commenced; but the wages shall  not

21  continue for more than 30 days.

22  54.   Labor Code § 204 provides that all wages, other than those mentioned in Section 201

23  and 202, are due and payable twice during each calendar month, on days designated in advance by

24  the employer as regular paydays.

25

26  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

27      [1] Labor Code § 200 defines "wages" as "all amounts for labor performed by employees of
    every description, whether the amount is fixed or ascertained by the standard of time, task, piece,

28  commission basis, or other method of calculation." "Labor" is defined as "labor, work, or service
    if the labor to be paid for is performed personally by the person demanding payment."

EXHIBIT A, PAGE 28

1  55. <u>Failure to Timely Pay Wages Due.</u> As set forth above, Defendant failed to timely pay

2 the overtime wages resulting from its deficient compensation policies.

3  56. <u>Failure to Pay Upon Termination.</u> Plaintiff and many Class Members have left De-

4 fendant's employ during the Class Period. As discussed above, Defendant knowingly failed to pay

5 Plaintiff and Class Members all earned wages upon termination. Instead, Defendant willfully and

6 intentionally refused to pay the earned overtime as alleged herein to Plaintiff and Class Members in

7 violation of Labor Code §§ 201 and 202.

8  57. <u>Relief.</u> Defendant's failure to pay Plaintiff and those Class Members who are no longer

9 employed by Defendant their wages earned and unpaid at the time of discharge, or within seventy-

10 two (72) hours of their leaving Defendant's employment, violates Labor Code §§ 201 and 202. Plain-

11 tiff and Class Members are therefore entitled to recover from Defendant the statutory penalty wages

12 for each day they were not paid, at their regular rate of pay, up to a 30-day maximum penalty under

13 Labor Code § 203.

14       **<u>SIXTH CAUSE OF ACTION</u>**

15        ***Labor Code § 1174***
      ***Failure to Maintain Accurate Payroll Records***

16      **(Plaintiff and Class Against Defendant)**

17  58. Plaintiff incorporates by reference all allegations contained in the preceding para-

18 graphs as if fully set forth herein.

19  59. Labor Code section 226(a) provides that every employer shall furnish each of his em-

20 ployees an accurate and complete itemized wage statement in writing, including, but not limited to,

21 the name and address of the legal entity that is the employer, the inclusive dates of the pay period,

22 total hours worked, and all applicable rates of pay. Labor Code section 226(f) and (h) also establishes

23 that if an employer fails to permit a current or former employee to inspect or copy records required

24 to be kept under that section within 21 days of a request to inspect, that employer is liable to the em-

25 ployee for a penalty of $750, and the employee is entitled to bring an action for injunctive relief to

26 enforce compliance and shall be entitled to an award of costs and reasonable attorney's fees for that

27 action. *Id.*

28

EXHIBIT A, PAGE 29

60.     Labor Code section 1198.5 provides that every employee has a right to receive a copy of their personnel records. It further mandates that the employer "shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request." If an employer fails to permit a current or former employee to inspect or receive records within 30 days of a request to inspect, that employer is liable to the employee for a penalty of $750, and the employee is entitled to bring an action for injunctive relief to enforce compliance and shall be entitled to an award of costs and reasonable attorney's fees in doing so. *Id.*

61.     Labor Code section 432 requires than an employer provide any instrument related to the obtaining or holding of employment to an employee upon request. *Id.*

62.     Labor Code section 1174 requires employers to maintain payroll records showing the rates for hours worked by all employees, for a time not less than three years. Moreover, Industrial Wage Order No. 10, Section 7 requires that an employer maintain records of an employee's "total hours worked in the payroll period and applicable rates of pay " and make those records available to any employee upon reasonable request.

63.     Labor Code section 226(f) and (h) establishes that if an employer fails to permit a current or former employee to inspect or copy records required to be kept under that section within 21 days of a request to inspect, that employer is liable to the employee for a penalty of $750, and the employee is entitled to bring an action for injunctive relief to enforce compliance and shall be entitled to an award of costs and reasonable attorney's fees for that action. *Id.*

64.     On or about January 13, 2020, Plaintiff requested copies of all employment records kept in accordance with Labor Code sections 226, 432, 1174, and 1198.5 by certified letter to Defendants. Defendant has failed to provide records showing the total hours worked in each payroll period and the applicable rates of pay. Defendant has a policy and practice whereby they do not maintain this required information and do not provide it to employees upon request.

65.     Defendant's formal policy and practice is uniformly applied to all current and former employees and violates Labor Code sections 226, 432, 1174, and 1198.5 and the Wage Orders.

EXHIBIT A, PAGE 30

66. Plaintiff and Class Members are entitled to civil penalties in the amount of $1,500 per employee, in addition to injunctive relief and reasonable attorney fees and costs of suit.

### SEVENTH CAUSE OF ACTION

**Violation of California Labor Code §§ 2699,** *et seq.*
**PAGA Penalties**
**(Against Defendant)**

67. Plaintiff incorporates by reference all the allegations of this Complaint as though fully set forth herein.

68. <u>Entitlement to Penalties.</u> Under the California Private Attorneys General Act ("PAGA"), Labor Code § 2698, *et seq.*, an aggrieved employee may bring a representative action as a private attorney general, on behalf of herself and other current or former employees as well as the general public, to recover penalties for an employer's violations of the Labor Code and IWC Wage Orders. These penalties are in addition to any other relief available under the Labor Code and are allocated seventy-five percent to the Labor and Workforce Development Agency and twenty-five percent to the affected employees.

69. These penalties may be "stacked" separately for each of Defendant's violations of the Labor Code. *See, e.g., Hernandez v. Towne Park, Ltd.,* No. CV 12-02972, 2012 WL 2373372, at *17 n.77 (C.D. Cal. June 22, 2012) ("[F]ederal courts applying California law have concluded that stacking is appropriate."); *see also O'Connor v. Uber Techs., Inc.,* 28 No. 13-CV-03826-EMC, 2016 WL 3548370, at *7 (N.D. Cal. June 30, 2016) ("Finally, Plaintiff ignore the potential for stacking of PAGA penalties related to wage-and-hour claims other than the gratuities and expense reimbursement claim, i.e., meal and rest breaks, minimum wage and overtime, and workers' compensation.").

70. Plaintiff is an "aggrieved employee" under PAGA, as he was employed by Defendant during the applicable statutory period and suffered the Labor Code violations alleged herein. Accordingly, he seeks to recover, on behalf of himself and all other current and former aggrieved employees of Defendant, the civil penalties provided by PAGA, including civil penalties for Defendant's violations of Labor Code §§ 201, 202, 203, 204, 226, 226.3, 226.7, 510, 512, 558, 1174, 1194, 1198, and Industrial Wage Order No. 8, plus reasonable attorneys' fees and costs.

EXHIBIT A, PAGE 31

King & Siegel ⦀ LLP

71.   <u>Representative Action.</u> Plaintiff seeks to recover the PAGA civil penalties

72.   through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court*, 46 Cal. 4th 969 (2009). Therefore, class certification of the PAGA claims is not required, but Plaintiff may choose to seek certification of the PAGA claims.

73.   61.   Labor Code § 2699(a), which is part of PAGA, provides:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of themselves or themselves and other current or former employees pursuant to the procedures specified in § 2699(a).

74.   <u>Penalties.</u> Labor Code § 2699(f), which is part of PAGA, provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

75.   Based on the foregoing, Plaintiff and aggrieved employees are entitled to civil penalties, to be paid by Defendant and allocated as required by PAGA or other statute, in an amount to be shown at trial subject to the following formula: (a) in an amount set forth as a civil penalty in the underlying statute; or (b) $100 per initial violation per employee per pay period, and $200 for each subsequent violation per employee per pay period.

76.   Plaintiff is also entitled to recover for himself, other aggrieved employees, and the State of California, civil penalties pursuant to Labor Code § 210 (entirely independent and apart form, any other penalty provided in this article) in the amount of $100 per employee per initial violation of the timely payment requirements of Labor Code § 240 (semimonthly payments) and $200 per employee for each subsequent violation, plus 25% of the amount unlawfully withheld.

77.   Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one

1  thousand dollars ($1,000) per aggrieved employee for each subsequent violation of Labor Code §

2  226(a).

3    78.   Labor Code § 558 provides:

4        (a) Any employer or other person acting on behalf of an employer who violates, or
            causes to be violated, a section of this chapter or any provision regulating hours
5           and days of work in any order of the Industrial Welfare Commission shall be sub-
            ject to a civil penalty as follows:
6

7            (1) For any initial violation, fifty dollars ($50) for each underpaid employee for
                each pay period for which the employee was underpaid in addition to an
8               amount sufficient to recover under- paid wages.

9            (2) For each subsequent violation, one hundred dollars ($100) for each under-
                paid employee for each pay period for which the employee was underpaid in
10              addition to an amount sufficient to re- cover underpaid wages.
            (3) Wages recovered pursuant to this section shall be paid to the affected em-
11              ployee.

12

13   79.   Under Labor Code § 1174.5, Defendant is subject to a civil penalty of five hundred

14  ($500) for failing to keep records as required by Section 1174(d).

15   80.   Plaintiff, the aggrieved employees, and the State of California are entitled to recover

16  the maximum civil penalties allowed by law for the violations of the Labor Code and IWC Wage

17  Order No. 10 as alleged in this Complaint.

18   81.   Procedural Requirements Met. On May 21, 2020 Plaintiff filed a notice of claims with

19  the LWDA and sent a copy to Defendant by certified mail. (**Exhibit 1**.) As of the date of filing this

20  complaint, Plaintiff has not received a response from the LWDA. As of 65 days from May 21, 2020,

21  all requirements for administrative exhaustion have been met. Labor Code § 2699.3(a)(2).

22                      **EIGTH CAUSE OF ACTION**

23                 ***Bus. & Prof. Code §§ 17200, et seq.***
                        ***Unfair Competition***
24             **(Plaintiff and Class Against Defendant)**

25   82.   Plaintiff repeats and incorporate by reference every allegation in this complaint as if

26  fully set forth herein.

27   83.   Defendant Heavenly is a "person" as defined by California Business & Professions

28  Code § 17201, as they are  a natural person, corporations, firms, partnerships, joint stock companies,

1   and/or associations.

2       84.   <u>Unlawful Business Practices.</u> Defendant's knowing violations of the Labor

3   Code and IWC Wage Order No. 10 constitutes an unlawful business practice as set forth in Business

4   & Professions Code § 17200, *et seq.*

5       85.   Defendant's failure to abide by the laws discussed herein provide Defendant an unfair

6   advantage over its competitors at the expense of its workers. Instead, Defendant cut corners in the

7   name of higher profits and at the expense of employee well-being. Defendant's actions thereby con-

8   stitute an unfair, fraudulent, and/or unlawful business practice under Business & Professions Code

9   § 17200, *et seq.*

10       86.   <u>Relief.</u> Plaintiff brings this cause of action seeking equitable and injunctive relief to

11   stop Defendant's willful and ongoing misconduct, and to seek restitution of the amounts Defendant

12   acquired through the unfair, unlawful, and fraudulent business practices described herein. In addi-

13   tion, Plaintiff seeks an award of costs and attorneys' fees pursuant to California Code of Civil Pro-

14   cedure § 1021.5.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A, PAGE 34

**DEMAND FOR JURY TRIAL**

Pursuant to California Code of Civil Procedure section 631, Plaintiff demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays judgment as follows:

A.   For an Order:

    a.  Certifying the Class;

    b.  Appointing Plaintiff as representative of the Class;

    c.  Appointing Plaintiff's counsel as counsel for the Class;

B.   For actual and liquidated damages according to proof at trial;

C.   For statutory and civil penalties and special damages, according to proof at trial;

D.   For punitive and exemplary damages according to proof;

E.   For pre- and post-judgment interest on monetary damages;

F.   For preliminary and permanent injunctive relief;

G.   For reasonable attorney's fees and costs and expert fees and costs as allowed by law; and

H.   For such other relief as this Court deems just and proper.

DATED: October 9, 2020                                   Respectfully Submitted,

By: _____

Justin Toobi, Esq.
Attorney for Plaintiff

EXHIBIT A, PAGE 35

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

**JUSTIN TOOBI, ESQ.**
**724 S. Spring St., Suite 201**
**Los Angeles, California 90017**
**Tel.: (310) 435-9407**
**Email: Justin@ToobiEsq.com**

May 21, 2020

*Filed Via LWDA's PAGA Claim Notice Online Form*

*Copy Sent Via Certified Mail*

**HEAVENLY  VALLEY LIMITED PARTNERSHIP**
3860 Saddle Rd
South Lake Tahoe, CA 96150

c/o CSC - LAWYERS INCORPORATING SERVICE
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Re:   *Adam Heggen v. Heavenly Valley, Limited Partnership; California Labor Code § 2699.3*
      *Notice*

To Whom It May Concern:

My firm represents Adam Heggen ("Plaintiff") and all similarly situated employees in a law-suit to be filed against his former employer Heavenly Valley, Limited Partnership ("Heavenly," "Defendant"). Plaintiff worked as both year-long and seasonal security personnel for Heavenly from November 2013 to December 2019.

This letter serves as notice pursuant to Labor Code § 2699.3 that Adam Heggen seeks to bring individual and representative claims under the Private Attorney's General Act ("PAGA") on behalf of himself and all similarly situated employees employed by employer Heavenly for the last four years based on:

1.   Defendant's failure to pay overtime wages (Lab. Code §§ 510, 119, IWC Wage Order No. 10);
2.   Defendant's failure to provide compliant meal periods or compensation in lieu thereof (Lab. Code §§ 226.7, 512(a), 1198, IWC Wage Order No. 10);
3.   Defendant's failure to provide compliant rest periods or compensation in lieu thereof (Labor Code §§ 226.7, 512, and IWC Wage Order No. 10);
4.   Defendant's failure to provide complete and accurate wage statements (Labor Code §§ 226, 226.2, 226.3);
5.   Failure to timely pay all wages due (Labor Code §§ 201-204, 210);
6.   Defendant's failure to maintain accurate payroll records (Labor Code §§ 226, 432, 1174, and 1198);
7.   Deceptive/fraudulent business practices based on the foregoing (Business and Profes-sions Code § 17200); and
8.   Penalties based on the foregoing pursuant to the Private Attorney Generals Act

1

**EXHIBIT A, PAGE 37**

## I.    Defendant Failed and Failed to Pay Overtime Wages

Industrial Wage Order No. 10 provides that Defendant was required to pay Mr. Heggen at one-and-half times his hourly rate for all hours worked in excess of eight hours in a day or more than 40 hours in a workweek during all non-exempt periods. (Defendant is a "ski establishment" under the Wage Order.) An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including commissions, non-discretionary bonuses and incentive pay. *Alvarado v. Dart Container Corp. of California*, 4 Cal. 5th 542, 573 (2018), *as modified* (Apr. 25, 2018). During his employment, Plaintiff was not subject to any alternative workweek elections.

Plaintiff was not paid 1.5 times his regular rate for all of the hours he worked in excess of eight hours in a day or forty in a week. Defendant failed to pay Plaintiff for any time worked in excess of eight hours in a day or forty in a week at any rate other than his straight time rate.

Accordingly, Plaintiff is owed his unpaid wages, overtime wages, and liquidated damages. Heavenly is also liable for PAGA penalties for these violations in the amount of $100 per initial violation and $200 for each subsequent violation, per employee per pay period where there was an overtime violation.

## II.    Defendant Failed to Provide Compliant Meal Periods and Failed to Pay Required Meal Period Premiums

Section 11 of IWC Wage Order No. 10 provides that "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes… Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an —on duty meal period and counted as time worked. An on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. "

During his employment, Plaintiff worked for Defendant for at least five (5) hours almost every workday. Plaintiff was not provided a meal period on any day he worked for Defendant, despite the nature of his work not preventing him from taking a meal period and Mr. Heggen never agreed in writing to an on-the-job paid meal period. Plaintiff's time records reflect Defendant's failure to provide meal periods.

Accordingly, Plaintiff is owed one hour of premium pay for each day worked where one or more meal periods was not provided. Lab. Code §§ 226.7; 558. Heavenly is also liable for PAGA penalties for these violations in the amount of $100 per initial violation and $200 for each subsequent violation, per employee per pay period.

EXHIBIT A, PAGE 38

### III.   Defendant Failed to Provide Compliant Rest Periods and Failed to Pay Required Rest Period Premiums

With respect to rest periods, employees must be afforded a rest period of 10 minutes per four hours of work, or major fraction thereof. Employers must also "relinquish any control over how employees spend their period time, and relieve their employees of all duties" during the rest period. *Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 273, 385 P.3d 823, 834 (2016), *as modified on denial of reh'g* (Mar. 15, 2017) ("What they require instead is that employers—including the obligation that an employee remain on call. A rest period, in short, must be a period of rest.").

Critically, employees must be free to leave the premises during their rest periods to take care of personal matters. *Augustus*, 2 Cal. 5th 257, 270 (2016) ("An employee on call cannot take a brief walk—five minutes out, five minutes back—if at the farthest extent of the walk he or she is not in a position to respond."); *see also* Department of Industrial Relations, "Rest Periods/Lactation Accommodations," *available at https://www.dir.ca.gov/dlse/FAQ_RestPeriods.htm* ("Q. Can my employer require that I stay on the work premises during my rest period? A. No, your employer cannot impose any restraints not inherent in the rest period requirement itself."). Accordingly, Defendant's policies regarding rest periods renders them facially non-compliant and required Defendant pay all its non-exempt employees rest period premiums.

Heavenly failed to authorize off-premises and/or duty-free rest periods in violation of Lab. Code § 512 and IWC Wage Order No. 10, Section 12. Plaintiff was not permitted to take any off-premises rest periods during his employment or provided any duty-free periods during his shifts.

Accordingly, Plaintiff is owed one hour of premium pay for each day worked where one or more rest periods was not provided. Lab. Code §§ 226.7; 558. Heavenly is also liable for PAGA penalties for these violations in the amount of $100 per initial violation and $200 for each subsequent violation, per employee per pay period.

### IV.   Defendant Failed to Timely Pay All Wages Due to Mr. Heggen at Termination and Has Failed to Timely Pay All Wages Due to Current Employees

Defendant failed to timely pay all wages due. Labor Code section 204 requires employers to pay California employees on regularly-established paydays, no less frequently than twice per month. Employers are required to post a conspicuous notice at the place of work or at the office where employees are paid, specifying the regular paydays and time and place of payment. Lab. Code § 207. For employees who are terminated or quit, final wage payments are due immediately or no later than 72 hours after quitting, respectively. *See* Lab. Code §§ 201-202.

Mr. Heggen separated from Heavenly in December 2019. Heavenly failed to pay all wages due on termination of employment to Mr. Heggen, and those similarly situated, in violation of Lab. Code § 203. Moreover, as Mr. Heggen *still* has not been paid his overtime wages or for the meal and rest period premiums owed to him, Defendant's violation of section 203 remains ongoing. Mr. Heggen is entitled to one day's wages in waiting time penalties, up to a maximum of 30 days.

Additionally, as Defendant failed to timely pay all wages earned during employment, it is subject to a civil penalty in an amount equal to $100 per initial violation and $200 for each subsequent violation (per employee) *plus* 25% of the amounts unlawful withheld. Lab. Code § 210.

## V.    Defendant Failed to Maintain Accurate Records and Failed to Make Those Records Available Upon Request

Defendant failed to maintain all accurate records and failed to make those records available upon request by Mr. Heggen. Labor Code section 226(a) provides that every employer shall furnish each of his employees an accurate and complete itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable rates of pay. Labor Code section 226(f) and (h) also establishes that if an employer fails to permit a current or former employee to inspect or copy records required to be kept under that section within 21 days of a request to inspect, that employer is liable to the employee for a penalty of $750, and the employee is entitled to bring an action for injunctive relief to enforce compliance and shall be entitled to an award of costs and reasonable attorney's fees for that action. *Id.*

Industrial Wage Order No. 10, Section 7 requires that an employer maintain records of an employee's "total hours worked in the payroll period and applicable rates of pay " and make those records available to any employee upon reasonable request.

On or about January 13, 2020, Mr. Heggen, through his counsel Elliot Siegel, requested copies of all employment records kept in accordance with Labor Code sections 226, 432, 1174, and 1198.5 by certified letter to Defendant. Defendant has failed to provide records showing the total hours worked in each payroll period and the applicable rates of pay.

Accordingly, Heavenly is liable to Mr. Heggen for a penalty of $750. Heavenly is also liable for PAGA penalties for these violations in the amount of $100 per initial violation and $200 for each subsequent violation, per employee per pay period.

## VI.    Defendant Failed to Provide Complete and Accurate Wage Statements

Heavenly failed to provide Mr. Heggen and similarly situated employees with complete and accurate wage statements setting forth all amounts earned during a pay period, including without limitation its failure to set forth the correct overtime earned or earned meal and rest period premium payments, and the name and address of the legal entity that is the employer

As stated above, Labor Code section 226 required Heavenly to furnish accurate and complete wage statements to its employees. Mr. Heggen was not provided accurate wage statements for the entirety of his employment. In addition to failing to include correct wage information, Heavenly listed an inaccurate address of PO Box 2180, Stateline NV 89449 rather than its entity address.

As such, Heavenly is liable for (1) the greater of actual damages or $4,000 per affected employee and (2) PAGA penalties for each noncompliant wage statement, in addition to reasonable attorney's fees and costs. Lab. Code § 226; *Brewer v. Premier Golf Properties*, LP, 168 Cal.

App. 4th 1243, 1253 (2008) ("Moreover, even if Brewer had obtained section 226.3 penalties, that section merely provides for civil penalties in addition to the penalties under section 226 that Brewer recovered here, and we construe the language of section 226.3 as designed to insure that the recovery of any penalties under section 226.3 would not preclude the other statutory penalties available for wage stub violations").

<div align="center">

*    *    *    *    *

</div>

If you believe that a discussion would be productive, I'm available by phone or email.

Sincerely

By: _____
JUSTIN TOOBI, ESQ.

5



**Justin Toobi <justin@toobiesq.com>**

---

## Thank you for submission of your PAGA Case.
1 message

---

**LWDA DO NOT REPLY** <lwdadonotreply@dir.ca.gov>                    Thu, May 21, 2020 at 1:13 AM
To: "justin@toobiesq.com" <justin@toobiesq.com>

5/21/2020

LWDA Case No. LWDA-CM-787438-20
Law Firm : Justin Toobi, Esq.
Plaintiff Name : Adam Heggen
Employer: Heavenly Valley, Limited Partnership

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case
No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm





7020 0090 0001 6055 1325

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

SACRAMENTO, CA 95833

| | | |
|---|---|---|
| Certified Mail Fee | $ $3.55 | 0056 |
| | | 11 |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark Here |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $ $0.55 | |
| Total Postage and Fees | $ $4.10 | 05/21/2020 |

Postmark: STATION MAY 21 2020

Sent To: HEAVENLY VALLEY (VAGAS)
Street and Apt. No., or PO Box No.: c/o 2710 GATEWAY OAKS DR, STE 150N
City, State, ZIP+4®: SACRAMENTO, CA 95833

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7020 0090 0001 6055 1301

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

SOUTH LAKE TAHOE, CA 96150

| | | |
|---|---|---|
| Certified Mail Fee | $ $3.55 | 0056 |
| | | 11 |
| Extra Services & Fees (check box, add fee as appropriate) | $0.00 | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark Here |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $ $0.55 | |
| Total Postage and Fees | $ $4.10 | 05/21/2020 |

Postmark: STATION MAY 21 2020

Sent To: HEAVENLY VALLEY (VAGAS)
Street and Apt. No., or PO Box No.: 3860 SADDLE RD
City, State, ZIP+4®: SOUTH LAKE TAHOE, CA 96150

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Justin Toobi   SBN 296174<br>724 S Spring St Suite, 201, Los Angeles, CA 90014 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: 310.435.9407     FAX NO.:
ATTORNEY FOR *(Name):* Plaintiff Heggen

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: Los Angeles, CA 90012
CITY AND ZIP CODE:
BRANCH NAME: Central, Stanley Mosk Courthouse

**FILED**

OCT 2 1 2020

EL DORADO CO. SUPERIOR COURT
BY  W. Warder
(DEPUTY CLERK)

CASE NAME:
Heggen v Heavenly Valley LP

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>SC 20 20 0 150 |
|---|---|---|
| ✔ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | JUDGE: Michael J. McLaughlin<br>DEPT: 4 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
✔ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
*(Cal. Rules of Court, rules 3.400–3.403)*
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ✔ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary   b. ✔ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 8
5. This case ✔ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/9/2020
Justin Toobi
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

OCT 2 1 2020
EXHIBIT A, PAGE 44

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**EXHIBIT A, PAGE 45**

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Heavenly Valley, Limited Partnership; and Does 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**Adam Heggen, an individual**

**FILED**

**OCT 2 1 2020**

EL DORADO CO. SUPERIOR COURT
BY ___W. Warden___
(DEPUTY CLERK)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*   South Lake Tahoe Branch<br>1354 Johnson Blvd.<br>South Lake Tahoe, CA 96150 | CASE NUMBER:<br>*(Número del Caso):*<br>**S C 2 0 2 0 0 1 5 0** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Justin Toobi, Esq.; 724 S. Spring St., Suite 201, Los Angeles, CA 90014; (310) 435-9407

| DATE:<br>*(Fecha)*   **OCT 2 1 2020** | Clerk, by<br>*(Secretario)* ___W. Warden___<br>Tania G. Ugrin-Capobianco | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Heavenly Valley, Limited Partnership

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | | Page 1 of 1 |
|---|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

**OCT 2 1 2020**

**EXHIBIT B, PAGE 46**

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF EL DORADO
1354 Johnson Blvd.
South Lake Tahoe, CA. 96150
(530)573-3076           Fax (530)544-6532

CASE NO. SC 20200150

**FILED**

Plaintiff,

ADAM HEGGEN
vs.

Defendant.                    OCT 2 1 2020

HEAVENLY VALLEY, LIMITED PARTNERSHIP

EL DORADO CO. SUPERIOR COURT
BY ___ W. Warden ___
DEPUTY CLERK

NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE
(Local Rule 7.12.05 and .09)

NOTICE IS HEREBY GIVEN that a CASE MANAGEMENT CONFERENCE in the above
entitled case is set for  3:30 on 02/16/21, in Dept 4,
1354 Johnson Blvd, Suite 2, South Lake Tahoe, California.

A Case Management Statement must be filed and served not less than
15 days before the Conference.

If a party is demanding a jury trial, pursuant to Civil Code of
Procedure section 631(b), a non-refundable jury fee of $150.00 must be
deposited with the court on or before the initial Case Management
Conference date in this action. Failure to timely deposit the funds
will result in a waiver of a jury trial.

At the CASE MANAGEMENT CONFERENCE you will be assigned a Dispute Reso-
lution Conference Date, a Mandatory Settlement Conference Date, and a
Trial Date. In lieu of a Dispute Resolution Conference, the parties
may elect mediation, binding arbitration, or judicial arbitration.

In addition, the court will make pre-trial orders.

The Court will require full compliance of El Dorado County Local
Rules, in particular, the rules governing Trial Court Case Management
(rule 7.12.00, etc.). For additional information regarding the Trial
Court Case Management Program visit our website at:
www.eldoradocourt.org

You must be prepared to discuss all matters and dates which are the
subjects of the Case Management Conference. Telephonic court appear-
ances are provided through the Court. To sign up to appear by
telephone please go to the court's website at
http://www.eldoradocourt.org/onlineservices/vcourt.html at
least five (5) days prior to the scheduled conference.

CMC                                          Rev 05/20/13

**EXHIBIT B, PAGE 47**

CLERK'S CERTIFICATE OF SERVICE

I declare under penalty of perjury that I am over the age of 18 and
not a party to the above action; that a copy of NOTICE OF CASE
ASSIGNMENT AND CASE MANAGEMENT CONFERENCE was placed for mailing
through either the United State Post Office or Inter-Departmental
mail on the parties at the address shown herein.
Executed on 10/23/20, in South Lake Tahoe, California.

Delivered to:

JUSTIN TOOBI
724 S. SPRING ST
SUITE 201
LOS ANGELES CA 90014


Tania Ugrin-Capobianco, Court Executive Officer

By: _____   W. Warden   _____
                            Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO

## NOTICE TO LITIGANTS

## CIVIL TRIAL DELAY REDUCTION AND ALTERNATIVE DISPUTE RESOLUTION REQUIRED PROCEDURES AND TIME LINES

All general civil cases are included in the El Dorado Court's Civil Trial Delay Reduction Program. Local Rules for the El Dorado Superior Court require that you comply with certain procedures and meet certain time lines for these cases. Please see Local Rule 7.12.00 et seq.

Plaintiffs and Cross-Complainant must serve the following documents with the Complaint or Cross-Complaint on all other parties: 1) A copy of this Notice to Litigants; 2) A copy of the Notice of Case Management Conference; and 3) A blank Case Management Statement. This service must be accomplished and proof of service must be filed within 60 days of the filing of the Complaint or Cross-complaint.

A Case Management Conference (CMC) will be held within 120 days of filing of the Complaint. The date and time are indicated on the Notice of Case Management Conference. You must file a completed Case Management Statement at least 15 days prior to the Conference.

At the CMC, the court will assign a Dispute Resolution Conference date, a Mandatory Settlement and Readiness Conference date and a trial date. The court may also assign an Issues Conference date. In lieu of a Dispute Resolution Conference, all parties may elect mediation, private arbitration or judicial arbitration. You may obtain a stipulation and order to participate in alternative dispute resolution and a list of the attorneys on the Dispute Resolution Conference, arbitration or mediation panels from the court's website or the clerk's office.

Dispute Resolution Conferences will be conducted by one attorney temporary judge. You may obtain a list of the attorneys on the panel on the Court's website at www.eldoradocourt.org.

Dispute Resolution Conferences are conducted as early Mandatory Settlement Conferences pursuant to CRC Rule 3.1380 which requires that trial counsel, parties and persons with full authority to settle personally attend, unless excused by the court, and that no later than 5 court days before the conference, each party file and serve on each other party a Settlement Conference Statement with a good faith settlement proposal. The Dispute Resolution conference is conducted by a volunteer settlement attorney.

It is important to review Local Rule 7.12.00 et seq. and El Dorado Superior Court's ADR program with your client. It will increase the possibility of your client's case being resolved at an early, less expensive stage.

## DISPUTE RESOLUTION CONFERENCES REQUIRED PROCEDURES AND TIME LINES

The Court has initiated an Alternative Dispute Resolution (ADR) Program which applies to all civil cases which are subject to these rules; provided, however, that on the joint request of the parties or on its own motion, the Court may order that the program apply to any civil case.

Unless the parties agree to another form of ADR, they will be ordered to participate in a Dispute Resolution Conference (DRC). The DRC will be conducted by a volunteer attorney temporary judge. The DRC will be conducted as a Mandatory Settlement Conference pursuant to California Rules of Court, rule 3.1380, and the parties and counsel are directed to comply with the terms thereof.

Trial Reduction Notice to Litigants

Local Form C-13
Mandatory Form
Rev.01/14/2015
Page I of 2

Within 7 to 10 days after the Case Management Conference, the court will notify the parties of the DRC temporary judge assigned to the case. It is the responsibility of the plaintiff to contact the temporary judge and arrange for a time and place for the DRC convenient to them and all parties.

At least 10 court days prior to the DRC, each party is to submit to the temporary judge and the other parties a Dispute Resolution Conference Statement which meets the requirements of California Rules of Court, rule 3.1380, and any special requirements set forth below.

Prior to the DRC, the parties are to exchange documents and records pertinent to settlement and shall provide copies of these to the DRC temporary judge.

With leave of court and in lieu of participation in a DRC, the parties may stipulate to private arbitration (binding or non-binding), judicial arbitration, or mediation. The parties may select the neutral from the Court's panel or a private neutral of their choice. The parties will be responsible for any fees associated with arbitration, judicial arbitration or mediation. The Court's panel of neutrals may be obtained from the court's website.

## MANDATORY SETTLEMENT AND READINESS CONFERENCE
## REQUIRED PROCEDURES AND TIME LINES

A MANDATORY SETTLEMENT AND READINESS CONFERENCE (MSRC) will be held approximately three to four weeks prior to trial. See CRC Rule 3.1380 and Local Rule 7.12.10.

The MSRC will be conducted as a MANDATORY SETTLEMENT CONFERENCE pursuant to CRC Rule 3.1380, which provides:

1. That trial counsel, parties and persons with full authority to settle the case shall personally attend the conference, unless excused by the court for good cause shown; and

2. That no later than five court days before the conference, each party shall submit to the court and serve on each party, a Mandatory Settlement Conference Statement containing a good faith settlement demand and an itemization of economic and non-economic damages by each plaintiff and a good faith offer of settlement by each defendant. The Mandatory Settlement Conference Statement shall set forth and discuss in detail all facts and law pertinent to the issues of liability and damages involved in the case as to that party.

The MSRC will also be conducted as a TRIAL READINESS CONFERENCE at which all matters that need to be resolved prior to trial, including matters set at in Rule 7.12.09, paragraphs D and E, shall be before the court. In their MSCR Statements Counsel are to address the following:

1. Witnesses. A list identifying all lay and expert witnesses the party intends to call at trial;
2. Exhibits. A list identifying all exhibits the party intends to offer at trial.
3. Jury Instructions. A jury instructions checklist indicating the BAJI numbers of requested instructions;
4. Photographs and Reports. Each party shall attach to the MSRC Statement copies of relevant documents which may assist the Court in settlement including photographs, diagrams, reports, bills, and contracts.

No later than three days prior to the MSRC, the parties are to file and serve Motions in Limine.

Trial Reduction Notice to Litigants

Local Form C-13
Mandatory Form
Rev.01/14/2015
Page 2 of 2

EXHIBIT B, PAGE 50

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO.*(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ UNLIMITED CASE ☐ LIMITED CASE | |

*(Check one):* ☐ **UNLIMITED CASE**   ☐ **LIMITED CASE**
          (Amount demanded        (Amount demanded is $25,000
          exceeds $25,000)         or less)

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:               Time:          Dept.:      Div.:        Room:
Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. Party or parties *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which
      they may be served):*

4. Description of case
   a. Type of case in  ☐ complaint  ☐ cross-complaint  *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
Martin Dean's
ESSENTIAL FORMS™

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720-3.730
www.courts.ca.gov

**EXHIBIT B, PAGE 51**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  Jury or nonjury trial
    The party or parties request  ☐ a jury trial  ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  Trial date
    a.  ☐ The trial has been set for *(date):*
    b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  Estimated length of trial
    The party or parties estimate that the trial will take *(check one):*
    a.  ☐ days *(specify number):*
    b.  ☐ hours (short causes) *(specify):*

8.  Trial representation *(to be answered for each party)*
    The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:
    e.  E-mail address:
    ☐ Additional representation is described in Attachment 8.
    f.  Fax number:
    g.  Party represented:

9.  Preference
    ☐ This case is entitled to preference *(specify code section):*

10. Alternative dispute resolution (ADR)
    a.  ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
        (1)  For parties represented by counsel: Counsel  ☐ has  ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
        (2)  For self-represented parties: Party  ☐ has  ☐ has not reviewed the ADR information package identified in rule 3.221.
    b.  Referral to judicial arbitration or civil action mediation (if available).
        (1)  ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
        (2)  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
        (3)  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

EXHIBIT B, PAGE 52

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

Martin Dean's
ESSENTIAL FORMS™

**EXHIBIT B, PAGE 53**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

11. **Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

12. **Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy ☐ Other *(specify)*:
    Status:

13. **Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party)*:

14. **Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

15. **Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

16. **Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:
    Party        Description                                    Date

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:



Martin Dean's
ESSENTIAL FORMS™

**EXHIBIT B, PAGE 54**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____   ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

_____   ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]            **CASE MANAGEMENT STATEMENT**            Page 5 of 5
*Martin Dean's*
ESSENTIAL FORMS™

**EXHIBIT B, PAGE 55**

# EXHIBIT C

1   EVAN R. MOSES, CA Bar No. 198099
    evan.moses@ogletree.com
2   MELIS ATALAY, CA Bar No. 301373
    melis.atalay@ogletree.com
3   OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C.
4   400 South Hope Street, Suite 1200
    Los Angeles, CA  90071
5   Telephone:     213-239-9800
    Facsimile:     213-239-9045
6

7   Attorneys for Defendant
    HEAVENLY VALLEY LIMITED
8   PARTNERSHIP

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                  **FOR THE COUNTY OF EL DORADO**

12

13  Adam Heggen, an individual,

14              Plaintiff,

15      vs.

16  Heavenly Valley, Limited Partnership; and Does
    1-10, inclusive,
17
18              Defendants.

| | |
|---|---|
| Case No. SC20200150 | |
| **DEFENDANT HEAVENLY VALLEY LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF'S COMPLAINT** | |
| [Assigned for all purposes to The Honorable Michael J. McLauglin, Dept. 4] | |
| Action Filed:     October 21, 2020 Trial Date:        None | |

19
20
21
22
23
24
25
26
27
28

1

**EXHIBIT C, PAGE 56**

45592560_1.docx

TO PLAINTIFF ADAM HEGGEN AND HIS ATTORNEYS OF RECORD:

Defendant HEAVENLY VALLEY LIMITED PARTNERSHIP ("Defendant") hereby answers the Complaint (hereinafter "Complaint") brought by plaintiff Adam Heggen ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure section 431.30, subdivision (d), Defendant denies, generally and specifically, each and every allegation of Plaintiff's unverified Complaint and further denies, generally and specifically, that Plaintiff, the putative class members and/or the allegedly aggrieved employees have been injured in the amount and/or manner alleged, or in any other manner whatsoever. Defendant further denies that Plaintiff, putative class members, and/or the allegedly aggrieved employees are entitled to damages or to any other relief whatsoever by reason of the alleged acts and/or omissions of Defendant, or by reason of the alleged acts and/or omissions of any current or former agent or employee of Defendant.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses, or to modify its admissions and denials herein, based on such investigation and discovery.

### AFFIRMATIVE DEFENSES

As separate and affirmative defenses to the Complaint and each cause of action, claim and allegation contained therein, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Statutes of Limitations)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action

DEFENDANT HEAVENLY VALLEY LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF'S COMPLAINT

**EXHIBIT C, PAGE 57**

alleged therein, Defendant alleges that the claims brought by Plaintiff, putative class members, and/or allegedly aggrieved employees are barred, in whole or in part, by one or more of the applicable statutes of limitations, including, without limitations, Cal. Code Civ. Proc. §§ 337, 338, 339, 340, and Cal. Labor Code § 203.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff, putative class members, and/or allegedly aggrieved employees are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff, putative class members, and/or allegedly aggrieved employees are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by *res judicata* and/or collateral estoppel.

### SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff, putative class members, and/or allegedly aggrieved employees are barred, in whole or in part, by their own unclean hands and/or their inequitable or wrongful conduct.

DEFENDANT HEAVENLY VALLEY LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF'S COMPLAINT

**EXHIBIT C, PAGE 58**

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff, putative class members, and/or allegedly employees are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Releases)**

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff, putative class members, and/or allegedly aggrieved employees are barred, in whole or in part, to the extent that individuals who Plaintiff wishes to represent as allegedly aggrieved employees may have released some or all of the claims against Defendant that are being asserted in Plaintiff's Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that Plaintiff, putative class members, and/or allegedly aggrieved employees are barred from recovery on their monetary claims, in whole or in part, by their failure to exercise diligence to mitigate any damages allegedly incurred, if any.

**TENTH AFFIRMATIVE DEFENSE**

**(Setoff, Offset, and/or Recoupment)**

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that, if any damages have been sustained by Plaintiff, putative class members, and/or allegedly aggrieved employees he purports to represent, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff, putative class members, and/or allegedly aggrieved employees owed to Defendant against any judgment that may be entered against Defendant.

DEFENDANT HEAVENLY VALLEY LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF'S COMPLAINT

**EXHIBIT C, PAGE 59**

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Willful Failure to Pay)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that Plaintiff, putative class members, and/or allegedly aggrieved employees are not entitled to any penalty award under any section of the California Labor Code because at all relevant times, Defendant did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute That Wages Are Due)

As a separate and affirmative defense to Plaintiff's claims for violation of California Labor Code §§ 201 and 202, Defendant alleges that Plaintiff, putative class members, and/or allegedly aggrieved employees are not entitled to any penalties under California Labor Code § 203 because, at all relevant times, there has been a good-faith dispute that any wages are or have been due, thereby precluding the imposition of any penalties against Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff, putative class members, and/or allegedly aggrieved employees are barred, in whole or in part, under California law by the doctrine of avoidable consequences on the grounds that they unreasonably failed to make use of Defendant's practices and/or procedures by failing to timely and properly report any purportedly unlawful actions and/or omissions alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing – Class Action)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein by Plaintiff on behalf of putative members of the purported class, Defendant alleges that Plaintiff lacks standing and cannot represent the interests of the other alleged class members as

DEFENDANT HEAVENLY VALLEY LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF'S COMPLAINT

**EXHIBIT C, PAGE 60**

to some or all of the purported class claims.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Due Process / Class Certification)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that certification of a class action would be an unconstitutional denial of Defendant's rights to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Satisfy Class Action Requirements)

As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action therein, Defendant alleges that Plaintiff's claims against Defendant are barred, in whole or in part, because Plaintiff has failed to, and cannot, satisfy the requirements for maintenance of a class action, including, but not limited to, the required elements of ascertainability, commonality, typicality, adequacy, predominance, and superiority.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Constitutional Defense to Penalties)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that Plaintiff, putative class members, and/or allegedly aggrieved employees are not entitled to recover any penalties under California or federal law, and any award of penalties would in general or in fact violate Defendant's rights under the United States and California constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as the due process, excessive fines, and cruel and unusual punishment clauses in the California Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Prior Actions Subsume Plaintiff's Complaint)

As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that the

DEFENDANT HEAVENLY VALLEY LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF'S COMPLAINT

**EXHIBIT C, PAGE 61**

Complaint should be stayed or dismissed due to due to already-pending actions which subsume Plaintiff's claims entire Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

As a separate and affirmative defense to Plaintiff's claim for violation of California Business and Professions Code § 17200 *et seq.*, Defendant alleges that the claims of Plaintiff, putative class members, and/or allegedly aggrieved employees are barred in light of the fact that Plaintiff, putative class members, and/or allegedly aggrieved employees have an adequate remedy at law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Preemption / Void Laws)

As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action therein, Defendant alleges that Plaintiff's purported causes of action set forth in the Complaint are barred to the extent that the statutes or laws relied upon are preempted or otherwise invalid, void, and/or unenforceable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by Plaintiff's failure to exhaust his administrative remedies as required and/or their failure to comply with all of the statutory prerequisites to bringing suit pursuant to Private Attorneys General Act of 2004 ("PAGA") including, but not limited to, satisfying the requirements of Cal. Labor Code § 2699.3.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (*De Minimis*)

Defendant alleges that Plaintiff's Complaint is, or may be, barred because any alleged violations were *de minimis*, and but for the alleged *de minimis* violation, Defendant complied with its obligations under the relevant law.

DEFENDANT HEAVENLY VALLEY LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF'S COMPLAINT

**EXHIBIT C, PAGE 62**

45592560_1.docx

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (PAGA Action Not Manageable)

Defendant alleges that Plaintiff's claim for penalties pursuant to the Private Attorneys General Act of 2004 cannot proceed on a representative basis because of difficulties likely to be encountered that render the action unmanageable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Exclusive Concurrent Jurisdiction)

Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, may not proceed under the doctrine of exclusive concurrent jurisdiction.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Due Process)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that maintenance of this action as a representative would be an unconstitutional denial of Defendant's rights to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Willfulness As Individualized Inquiry)

Defendant alleges that Plaintiff's Complaint may not proceed as a class action where there is a willfulness requirement as the adjudication of whether Defendant was willful required individual inquiry and is not proper for class treatment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

The claims alleged in the Complaint are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Meal and Rest Periods Authorized)

Any recovery of meal and rest period premium payments is barred because Plaintiffs, putative class members, and/or the allegedly aggrieved employees were authorized and permitted

to take appropriate meal and rest periods, but freely chose to forego or waive such periods; Defendants did not impede, discourage or dissuade Plaintiffs, putative class members and/or the allegedly aggrieved employees from taking appropriate meal or rest periods.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery, when and if the same have been ascertained.

## **PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.     That the Court deem Plaintiff's PAGA claims unmanageable;

2.     That the Court deny any request(s) by Plaintiff and/or putative members of the purported class to certify this action as a class action;

3.     That the Court stay, dismiss, or transfer Plaintiff's Complaint due to the pendency of prior-filed actions which completely subsume Plaintiff's claims;

4.     That Plaintiff, the putative class members, and the allegedly aggrieved employees take nothing by the Complaint;

5.     That Plaintiff's Complaint herein be dismissed in its entirety, with prejudice;

6.     That judgment be entered against Plaintiff's and in favor of Defendant on all causes of action asserted in the Complaint;

7.     That Defendant be awarded its attorneys' fees incurred herein;

8.     That Defendant be awarded its costs of suit herein; and

9.     For such other and further relief as the Court deems just and proper.

DEFENDANT HEAVENLY VALLEY LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF'S COMPLAINT

**EXHIBIT C, PAGE 64**

1

2   DATED:  January 19, 2021                    OGLETREE, DEAKINS, NASH, SMOAK &
                                                STEWART, P.C.

3

4                                               By: _____
                                                    Evan R. Moses
5                                                   Melis Atalay

6                                               Attorneys for Defendant
                                                HEAVENLY VALLEY LIMITED
7                                               PARTNERSHIP

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

45592560_1.docx

DEFENDANT HEAVENLY VALLEY LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF'S COMPLAINT

**EXHIBIT C, PAGE 65**

**PROOF OF SERVICE**
*Adam Heggen v. Heavenly Valley, et al.*
Case No. SC20200150

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Los Angeles, in the office of a member of the bar of this court at whose direction the service was made.  My business address is 400 South Hope Street, Suite 1200, Los Angeles, CA 90071.

On January 19, 2021, I served the following document(s):

**DEFENDANT HEAVENLY VALLEY LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

| | |
|---|---|
| Justin Toobi, Esq.<br>JUSTIN TOOBI, ESQ.<br>724 S. Spring. St., Suite 201<br>Los Angeles, CA  90014<br>Telephone: (310) 435-9407 | Attorneys for Plaintiff<br>Adam Heggen |
| Julian Burns King, Esq.<br>Elliot J. Siegel, Esq.<br>KING & SIEGEL LLP<br>724 S. Spring Street, Suite 201<br>Los Angeles, CA  90014<br>Telephone:  (213) 465-4802<br>Facsimile:  (213) 465-4803<br>Email:      julian@kingsiegel.com<br>           elliot@kingsiegel.com | Attorneys for Plaintiff<br>Adam Heggen |

☒  **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐  **BY COURTESY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 19, 2021, at Los Angeles, California.

| | |
|---|---|
| Elizabeth Mendoza | /s/ Elizabeth Mendoza |
| Type or Print Name | Signature |

1

45592560_1.docx

**EXHIBIT C, PAGE 66**