UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| ADAM HEGGEN, | NO. 2:21-cv-00107 WBS DB |
|---|---|
| Plaintiff, | |
| v. | |
| HEAVENLY VALLEY, Limited Partnership; and DOES 1 to 10, inclusive, | |
| Defendant. | |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for May 10, 2021, and makes the following findings and orders without needing to consult with the parties any further.

I. SERVICE OF PROCESS

All defendants have been served, and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

1

## II. JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), because this is a putative class action in which the amount in controversy exceeds $5,000,000 and at least one member of the putative class is a citizen of a different state than the defendant. Venue is undisputed and hereby found to be proper.

## IV. DISCOVERY

The parties agree to serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before May 24, 2021.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than October 17, 2022. With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before November 14, 2022.

The parties represent that they are currently involved in informal settlement negotiations. Defendant contends that discovery should be stayed until "thirty (30) days following unsuccessful settlement discussions." Plaintiff disagrees that any stay is necessary.

1 | The court sees no reason to stay discovery while
2 | settlement negotiations are pending. The parties may agree to
3 | refrain from propounding discovery requests if they feel that
4 | they would interfere with negotiations. The standard proposed by
5 | defendant would also be difficult to enforce, as it may not be
6 | entirely clear when informal settlement negotiations have become
7 | "unsuccessful" rather than still ongoing.
8 | Defendant further urges the court to bifurcate
9 | discovery into three phases. Plaintiff argues that no
10 | bifurcation or limitation on discovery is necessary. The court
11 | agrees with plaintiff that separate discovery phases are
12 | unnecessary.
13 | Accordingly, all discovery, including depositions for
14 | preservation of testimony, is left open, save and except that it
15 | shall be so conducted as to be completed by December 12, 2022.
16 | The word "completed" means that all discovery shall have been
17 | conducted so that all depositions have been taken and any
18 | disputes relevant to discovery shall have been resolved by
19 | appropriate order if necessary and, where discovery has been
20 | ordered, the order has been obeyed. All motions to compel
21 | discovery must be noticed on the magistrate judge's calendar in
22 | accordance with the local rules of this court and so that such
23 | motions may be heard (and any resulting orders obeyed) not later
24 | than December 12, 2022.
25 | V.   MOTION HEARING SCHEDULE
26 | Because the parties agree that the court should set a
27 | deadline by which plaintiff must file his motion for class
28 | certification (or by which defendant must file a motion to

affirmatively preclude class certification), the court will order that any such motion be filed on or before March 28, 2022. The parties further agree that the Opposition to any such motion shall be filed six weeks later, on or before May 9, 2022. Any Reply shall be filed by May 31, 2022. The hearing on any such motion shall be held on June 13, 2022 at 1:30 p.m. in Courtroom No. 5.

All other motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before January 23, 2023. All motions shall be noticed for the next available hearing date. Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VI. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for April 10, 2023, at 1:30 p.m. in Courtroom No. 5. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements. In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the

4

court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto. If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VII. TRIAL SETTING

The jury trial is set for June 6, 2023 at 9:00 a.m. The parties estimate that the trial will 3-5 court days if no class is certified, and several weeks if a class is certified.

VIII. SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference. All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge. If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

## IX. MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

IT IS SO ORDERED.

Dated: May 5, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE