UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ADAM HEGGEN, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>HEAVENLY VALLEY, Limited Partnership, and DOES 1 THROUGH 10, inclusive,<br><br>        Defendants. | No. 2:21-cv-00107 WBS DB<br><br><br><br>ORDER RELATING CASES |
| ANNA GIBSON and ZACHARIAH SAIZ-HAWES on behalf of themselves and all those similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>THE VAIL CORPORATION D/B/A VAIL RESORTS MANAGEMENT COMPANY and DOES 1 THROUGH 100, inclusive,<br><br>        Defendants. | No. 2:21-cv-01260 KJM AC |

1

| | | |
|---|---|---|
| 1 | CHRISTOPHER HAMILTON, as an individual and on behalf of all others similarly situated, | No. 2:21-cv-01608 MCE DB |
| 2 | | |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | HEAVENLY VALLEY, LIMITED PARTNERSHIP, a Nevada limited partnership, and DOES 1 through 50, inclusive, | |
| 6 | | |
| 7 | | |
| 8 | Defendants. | |

----oo0oo----

Examination of the above-entitled actions reveals that they are related within the meaning of Local Rule 123(a), because the three cases contain similar claims brought by overlapping groups of employees for alleged failures to provide: (1) all wages for time worked; (2) overtime; (3) meal periods; (4) rest periods; (5) accurate wage statements; and (5) reimbursement for necessary business expenses.  Accordingly, the assignment of the three matters to the same judge is likely to effect a substantial saving of judicial effort and is also likely to be convenient for the parties.

The parties should be aware that relating the cases under Local Rule 123 merely has the result that all actions are assigned to the same judge; no consolidation of the actions is effected.  Under the regular practice of this court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned.

IT IS THEREFORE ORDERED that the actions denominated Heggen v. Heavenly Valley, Limited Partnership, 2:21-cv-00107 WBS

1 | DB; Gibson v. Vail Corp., No. 2:21-cv-01260 KJM AC; and Hamilton
2 | v. Heavenly Valley, Limited Partnership, 2:21-cv-01608 MCE DB,
3 | be, and the same hereby are, deemed related.  The cases
4 | denominated Gibson v. Vail Corp., No. 2:21-cv-01260 KJM AC; and
5 | Hamilton v. Heavenly Valley, Limited Partnership, 2:21-cv-01608
6 | MCE DB, shall be reassigned to the undersigned judge.  Any dates
7 | currently set in the reassigned cases only are hereby VACATED.
8 | Henceforth, the captions on documents filed in the reassigned
9 | cases shall be shown as Gibson v. Vail Corp., No. 2:21-cv-01260
10 | WBS DB, and Hamilton v. Heavenly Valley, Limited Partnership,
11 | 2:21-cv-01608 WBS DB.
12 |         IT IS FURTHER ORDERED that the Clerk of the Court make
13 | an appropriate adjustment in the assignment of cases to
14 | compensate for this reassignment.
15 | Dated:  November 30, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE